Bernard Echales and Anne S. Budz, as Administratrix of the Estate of Joseph John Budz, Deceased, Appellants, v. Nathan Krasny, et al., Appellees.

Gen. No. 46,729.

First District, Third Division.
January 16, 1957.
Rehearing denied March 5, 1957.
Released for publication March 5, 1957.

John J. Maciejewski, of Chicago, for appellants; Charles D. Snewind, of Chicago, of counsel.

Wyatt Jacobs, Jacobs, Miller, Hopkins & Rooney, and James S. Montana, for appellees; Joseph B. Lederleitner, of Chicago, of counsel.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff Echales brought this action on September 8, 1950, under Section 29 of the Workmen's Compensation Act, to recover from defendants the amount of compensation paid by him to the widow and minor children of his employee, Joseph Budz, deceased, who died on March 10, 1950, as a result of injuries sustained by him in the course of his employment on February 4, 1950, and alleged to have been proximately caused by the negligence of defendants, third party tort feasors. He further alleged that both the plaintiff and the deceased were free from any negligence contributing to the injuries and death of the employee.

On January 3, 1955, when the cause was called for trial, which was after the decision in Geneva Construction Co. v. Martin Transfer Co., 4 Ill.2d 273, plaintiff Echales and Anne S. Budz, as administratrix of the estate of Joseph Budz, deceased, moved the court in writing for leave to the administratrix to intervene as an additional party plaintiff, and to amend the original complaint and for a continuance, and then proffered an amended complaint in two counts, the first count relating to plaintiff Echales to recover compensation paid, and the second count for the wrongful death of Joseph Budz. The motion was denied and the cause dismissed for want of prosecution, from which order plaintiffs appeal.

On March 20, 1952, the Supreme Court in Grasse v. Dealer's Transport Co., 412 Ill. 179, held unconstitutional the first paragraph of Section 29 of the Workmen's Compensation Act (Ill. Rev. Stat., 1947, Ch. 48, Par. 166). In 1953 the Workmen's Compensation Act

531

was amended to meet the effect of the decision in the Grasse case.

It appears from the record that during the month of November, 1954, the cause first appeared on the trial call before the assignment judge of the Superior Court, who was advised by the parties that there was pending then in the Supreme Court the Geneva case, supra, and that it involved the question of the right of an injured employee to intervene in the suit instituted by his employer against the third party tort feasor, and for that reason the case was continued several times. These continuances cannot be charged to plaintiffs.

On December 13, 1954, the assignment judge of the court assigned the cause to one of the judges for trial. The Geneva case had been decided on November 18, 1954. Upon motion of plaintiffs, the trial judge granted leave to plaintiffs to file an amended complaint within 10 days and ordered defendants to answer the same within 30 days. On December 14, 1954, the assignment judge, on his own motion as well as on the motion of defendants, entered an order vacating the order entered by the trial judge allowing the pleadings to be amended. The order recited that the cause was not assigned to the trial judge for any other purpose whatsoever except for the purpose of proceeding with the trial of said cause, and that the trial judge did not have the authority or jurisdiction to allow said motion to file an amended complaint. The order further recited that the trial judge should have re-referred the cause for disposition on any said motions of plaintiffs.

At the same time the assignment judge entered another order continuing for hearing to December 30, 1954, plaintiffs' oral motion for leave to file an amended complaint and for the administratrix to intervene.

532

■ We do not see how the assignment of a case for trial to one of the judges of that court involves any jurisdictional question as to the right and authority of the trial judge to grant a motion to amend the pleadings. The trial judge has the ultimate responsibility for a correct decision, either on the evidence before him, or on the pleadings, or both. We know of no case in this State, and none has been cited to us, which has held that a trial judge, under such circumstances, lacks jurisdiction to allow amendment of pleadings.

On December 29, 1954, the assignment judge assigned the cause to another judge for trial for January 3, 1955. On December 30, 1954, plaintiffs moved in writing before the assignment judge to allow the administratrix to intervene, for leave to file an amended complaint, to set aside the order heretofore entered vacating the order of the first trial judge referred to, and to vacate the order of December 29, 1954, assigning the cause for trial for January 3, 1955. Attached to the motion was a copy of the proffered amended complaint. This motion was denied.

On January 3, 1955, the parties appeared upon the trial call, at which time plaintiffs moved to continue the cause and submitted an affidavit in support of the motion for the continuance. Counter-affidavits were filed by the defendants. The motion for a continuance was denied, and the cause dismissed for want of prosecution. The plaintiffs' affidavit recited the state of the record in the instant cause, and the further fact that plaintiffs' counsel had been assigned for trial in another cause in the Circuit Court, wherein all parties were ready for trial, and that he had been directed by the Circuit Court to be ready for trial in said cause and was therefore unable to proceed for trial in the instant cause because he was being held for trial in the cause in the Circuit Court.

We think the Geneva case is parallel factually with the instant case and is decisive of the right of plaintiffs to amend their complaint and for the administratrix to intervene. In the Geneva case the suit, as here, was brought under Section 29 of the Workmen's Compensation Act by the employer. After the decision in the Grasse case holding the first paragraph of Section 29 of the Workmen's Compensation Act unconstitutional, the plaintiff in the Geneva case sought leave to have the injured employee intervene against the third party tort feasor, the injury having occurred more than four years before the employee sought to intervene. The motion to intervene was opposed on the ground that the Statute of Limitations under the Injuries Act had run, and the employee's right was therefore barred.

The Supreme Court, in the Geneva case, allowed the injured employee to intervene, and held that the suit instituted by the employer entitled it to claim subrogation and to recover under the common law; that the Statute of Limitations under the Injuries Act did not apply, since the suit was started by the employer within two years of the injuries; and that the amended pleadings and the intervention of the employee would, under Section 46 of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, § 46], relate back to the filing of the original pleading. Therefore, in the instant case when the first trial judge allowed the pleading to be amended and the administratrix to intervene as party plaintiff, his order was fully justified by the holding in the Geneva case.

██ In the instant case, as in the Geneva case, before the Statute of Limitations had run, the suit was started by the employer within a year of the death of the injured employee. In the Geneva case the two-year Statute of Limitations for injuries was involved. In the instant case the one-year Statute of Limitations for wrongful death was involved. Except for that differ-

534

ence the analogy in the Geneva case to the instant case is inescapable. The Limitations statute for wrongful death has been construed the same as the Limitations statute for injuries, to be a condition of liability and operates as a limitation of the liability itself and not the remedy alone. Wilson v. Tromly, 404 Ill. 307, 310.

We feel justice requires that in the instant case the parties be permitted to amend their pleadings and the administratrix allowed to intervene, and it was error for the court to deny plaintiffs leave to file their tendered amended complaint.

The order appealed from is reversed and the cause remanded with directions to allow plaintiffs to file their amended complaint and to allow the administratrix to intervene, and for further proceedings in harmony with the views herein expressed.

Reversed and remanded with directions.

KILEY and LEWE, JJ., concur.