HARTFORD ACCIDENT AND INDEM-NITY COMPANY, Plaintiff,

v.

Ronald RIGDON and Hunt Tool Company, et al., Defendants.

Civ. A. No. 76–81–P.

United States District Court,
S. D. Alabama, S. D.

Aug. 9, 1976.

Daniel A. Pike, Mobile, Ala., for plaintiff.

Erling Riis, Jr., Mobile, Ala., for intervenor.

James J. Duffy, Jr., Mobile, Ala., for defendants.

### ORDER ON MOTION TO STRIKE

PITTMAN, Chief Judge.

On July 30, 1974, Ronnie R. Moore, an employee of Penrod Drilling Company (Penrod), allegedly was injured by Roland Rigdon, an employee of Hunt Tool Company. Under the Workmen's Compensation Laws of the State of Alabama, Hartford Accident and Indemnity Company (Hartford) became obligated to pay Moore compensation awards and medical expenses. Hartford has paid to and for Moore, compensation in the sum of $5,582.17 through January 2, 1976, and $2,321.00 medical expenses. The total amount due has not been ascertained because compensation and benefits are due in the future.

Hartford has alleged that under the insurance agreement between Hartford and

Penrod, Hartford is entitled to reimbursement for the compensation and medical expenditures and existing liability paid to Moore. Hartford alleges that plaintiff's liability to Moore under the Workmen's Compensation Laws has not been definitely determined. Hartford seeks to have this court allow it to recover all sums of money which it has paid and which it will be required to pay in the future to Moore as benefits under the Workmen's Compensation Laws and under its policy of insurance. Hartford further alleges that under these laws and the terms of its policy, the plaintiff may be liable to pay to Moore a maximum of $37,500. Therefore, Hartford seeks to have this court impound and set aside the total sum of $37,500 from any recovery in this suit until its liability to Moore has been fully determined. Hartford's complaint shows that Moore has failed to file suit against (third parties) Roland Rigdon and Hunt Tool Company, within the time allowed by law.

This court granted Moore's motion to intervene. The motion alleges Hartford's original action is filed pursuant to the provisions of Alabama's Workmen's Compensation Laws, Title 26, §§ 253, et seq., Code of Alabama (1940, Recomp.1958), specifically § 312 thereof. This provides that the employer or the insurance carrier for the employer shall be allowed to bring suit against the third party causing injury. It provides that any amount recovered over and above the amount paid out as compensation under the laws, and costs, attorney's fees and reasonable expenses incurred in such collection, shall be held in trust for the injured employee. Intervenor Moore claims Hartford's complaint is not filed in his name nor does it seek damages in excess of $37,500, the maximum amount payable under the compensation laws of Alabama, therefore, it is not in his interest. The intervenor claims damages as the result of the alleged negligence of defendants Roland Rigdon and Hunt Tool Company and the alleged successor to Hunt Tool Company, Geosource, Inc., a corporation, formerly Petty Ray Geophysical, Inc., a corporation, and seeks $575,000 as damages for such injuries.

The defendants have moved this court to strike intervenor Moore's complaint on the grounds that the complaint affirmatively shows the claim of said Moore is barred by the statute of limitations.

The statute this court is concerned with is Title 26, § 312, Code of Alabama (1940, Recomp.1958), which reads in pertinent part:

"In the event the injured employee, or in case of his death, his dependents, do not file suit against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring suit against such other party for damages on account of such injury or death, in the event the employer or the insurance carrier shall have paid compensation to such employee, or his dependents, or in the event a proceeding is pending against the employer to require the payment of such compensation, and such suit may be maintained either in the name of the injured employee, or in case of his death in the name of his dependents, or in the name of the employer or the insurance carrier, and in the event the damages recovered in such suit are in excess of the compensation payable by the employer under article 2 of this chapter and costs, attorney's fees and reasonable expenses incurred by the employer in making such collection, the excess of such amount shall be held in trust for the injured employee, or in case of his death for his dependents."

The statute of limitation of one year is applicable to actions for injury to the person. *Metropolitan Cas. Ins. Co. of N. Y. v. Sloss-Sheffield Co.*, 241 Ala. 545, 3 So.2d 306 (1941). It affirmatively appears in the complaint that the injured employee failed to bring suit within the statutory time limit. Under the provisions of the statute the employer or its insurance carrier has a right of action *only* after the employee fails to do so within the requisite time period. The statute grants a special six month limita-

**542**

tion period only for an action brought by the insurance carrier or the employer. It does not extend the statute for the employee, nor does it give the employee the right to intervene in the law suit.

Intervenor Moore argues that he has an interest in this suit in that any excess over and above the compensation paid out and costs, attorney's fees and expenses of collection of said amount, is to be held in trust for the employee. He claims he is not being adequately represented by Hartford in that their complaint only asks for the statutory maximum amount it may be liable for, to wit, $37,500, an amount far less than the intervenor claims as his damages.

■ An action under the Workmen's Compensation laws is purely statutory. *Boatright v. Dothan Aviation Corp.,* 278 Ala. 142, 176 So.2d 500 (1965). The Workmen's Compensation statutes create rights and remedies and procedures all their own, *Riley v. Perkins,* 282 Ala. 629, 213 So.2d 796 (1968); *Gilmore v. Rust Eng'r. Co.,* 45 Ala. App. 626, 235 So.2d 673 (1970), and these "rights and remedies granted by Alabama Workmen's Compensation Act are exclusive in those cases coming within the influence of that Act." *Smith v. Southern Ry. Co.,* 237 Ala. 372, 187 So. 195, at 197 (1939). The statute permitting action against a party other than an employer, if the injury for which compensation is payable was caused under circumstances creating a legal liability on the part of such a party, creates a remedy, not a right. *Barr v. Preskitt,* 389 F.Supp. 496 (M.D.Ala. 1975). The statutory right of the subrogee to bring an action does not arise until the period within which the employee has to bring an action against the third party has lapsed. The right of subrogation depends entirely on statute and cannot otherwise be created.

■ In this case, Moore did not file suit within the statutory time limit. Hartford then filed suit pursuant to Title 26, Section 312. The statute does not extend the period of limitation for the employee, nor does it give the employee the right to intervene in the lawsuit, which would in effect permit

him the backdoor when the front door is closed.

It is therefore ORDERED, ADJUDGED and DECREED that defendant's motion to strike is due to be, and is hereby, GRANTED.

All costs taxed to the intervenor.