Electronically Filed
Supreme Court
SCAP-10-0000213
14-MAR-2012
10:21 AM

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

FIRST INSURANCE COMPANY OF HAWAII, LTD., Plaintiff/Appellee,

and

JOSEPH G. TORO, Plaintiff-Intervenor/Appellant,

vs.

A&B PROPERTIES, INC., Defendant/Appellee.

NO. SCAP-10-0000213

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0225(1))

MARCH 14, 2012

RECKTENWALD, C.J., NAKAYAMA, ACOBA, DUFFY, AND MCKENNA, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

Joseph G. Toro, an employee of Diversified Machinery, Inc., was allegedly involved in a work related accident on property owned by A&B Properties, Inc. First Insurance Company of Hawaii was Diversified's insurance carrier. While paying

Toro's workers' compensation benefits, First Insurance timely filed suit in the Circuit Court of the Second Circuit within the two year limitations period set forth in Hawai'i Revised Statutes (HRS) § 657-7, asserting its right of subrogation under Hawaii's workers' compensation law. Toro did not file his own lawsuit against A&B. First Insurance and A&B reached an agreement to settle, but Toro refused to consent. After the two-year limitations period had elapsed, Toro then sought to intervene in First Insurance's suit, and the circuit court granted Toro's request. A&B subsequently moved for summary judgment, on the ground that HRS § 386-8 (1993), which governs the right of an employee to intervene in an employer's third party liability lawsuit under the workers' compensation law,[1] did not allow an employee to intervene after the statute of limitations had expired. The circuit court granted A&B's motion for summary judgment and entered judgment against Toro.[2] Toro appealed pursuant to a Hawai'i Rules of Civil Procedure (HRCP) Rule 54 certification. We granted a discretionary transfer of the case.

This case requires us to interpret HRS § 386-8, which provides in relevant part: "[e]xcept as limited by chapter 657, the employee may at any time commence an action or join in any

---

[1] HRS § 386-1 states that "[t]he insurer of an employer is subject to the employer's liabilities . . . . and [is] entitled to rights and remedies under this chapter as far as applicable." Because First Insurance paid Toro's expenses on behalf of Diversified, First Insurance stands in the place of Diversified Machinery, Inc. as the "employer."

[2] The Honorable Joel E. August presided.

action commenced by the employer against such third person." Thus, the central issue is whether an employee can intervene in his or her employer's timely filed lawsuit after the two year limitations period established by HRS § 657-7 has passed.

Toro argues that the statute is ambiguous and its legislative history supports a determination that the statute of limitations was not intended to bar intervention, but rather to limit the time in which an injured employee could initiate his or her own action. A&B contends that the statute is unambiguous, and that it does not allow an injured employee to intervene in an employer's timely suit after the statute of limitations has expired.

We hold that Toro may intervene in First Insurance's action against A&B because HRS § 386-8 does not limit Toro's right to intervene in First Insurance's timely filed lawsuit. Accordingly, we hold that the circuit court erred in granting A&B's motion for summary judgment. Therefore, we vacate the circuit court's final judgment and remand to the circuit court for further proceedings.

## I. Background

### A. Proceedings in the Circuit Court

On May 1, 2008, First Insurance filed a Complaint against A&B alleging, inter alia, that Toro sustained injuries because of A&B's negligence (hereinafter the subrogation

action).[3]

According to the complaint, on July 13, 2006, Toro was working as an equipment operator for Diversified Machinery, Inc. at a property owned by A&B in Makawao, Hawai'i. Toro was seriously injured when the excavator he was operating fell into a 10-foot deep cesspool. On the date of the accident, Diversified had a workers' compensation insurance policy with First Insurance. At the time the complaint was filed, First Insurance continued to pay workers' compensation benefits to and/or on behalf of Toro pursuant to that policy.

In its complaint, First Insurance alleged that pursuant to HRS § 386-8, quoted infra, it was entitled to recover from A&B: (1) the reasonable value of the medical services rendered to and/or on behalf of Toro as a result of the injuries he sustained in the July 13, 2006 accident; (2) all workers' compensation benefits that were incurred in relation to the July 13, 2006 accident; and (3) special and general damages incurred as a result of A&B's negligence.

First Insurance and A&B subsequently agreed to settle the subrogation action. The settlement involved dismissal of the subrogation action with each party bearing its own fees and

---

[3] Subrogation is defined as "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary 1563-64 (9th ed. 2009). In Shimabuku v. Montgomery Elevator Co., 79 Hawai'i 352, 358, 903 P.2d 48, 54 (1995), when subrogation occurs, "the substitute is put in all respects in the place of the party to whose rights he is subrogated." (Citation omitted).

costs, i.e., the parties agreed to "walk away[.]" Pursuant to HRS § 386-8, which provides, in pertinent part, that "[n]o release or settlement of any claim or action under this section is valid without the written consent of both employer and employee[,]" and Shimabuku, 79 Hawai'i at 357-58, 903 P.2d at 53 (holding that HRS § 386-8 "requir[es] the written consent of both employer and employee before any release or settlement is valid"), Toro's written consent to the settlement was requested. Toro, however, did not consent to the settlement.

On November 14, 2008, A&B filed a motion to dismiss the subrogation action, arguing, inter alia, that Toro's consent to the settlement was not necessary. A&B argued that Toro was not a party to the subrogation action and that he had provided no valid legal basis for withholding his consent. Additionally, A&B asserted that Toro did not file a third-party liability or personal injury lawsuit relating to the accident within the two year statute of limitations period provided in HRS § 657-7, and that any claims by Toro were accordingly time barred.[4] A&B also argued that the settlement agreement had no adverse effect on Toro because the settlement "w[ould] not deprive Toro of any money because there [wa]s no money to be paid by A&B" and thus, there was no issue of how to apportion any recovery between First

---

[4]    HRS § 657-7 (1993) states:

   Actions for the recovery of compensation for damage or
   injury to persons or property shall be instituted
   within two years after the cause of action accrued,
   and not after, except as provided in section 657-13.

Insurance and Toro.  First Insurance, pursuant to HRCP Rule 7, joined A&B's motion to dismiss.

On December 16, 2008, the circuit court heard argument on A&B's motion to dismiss.  Toro appeared at the hearing pro se and indicated that he would like additional time to file "something" that "would protect his interest in this matter." The circuit court continued A&B's motion and gave Toro 60 days, or until February 16, 2009, "to file whatever papers you're going to file with the [c]ourt."

On February 17, 2009, Toro, now represented by counsel, filed a memorandum in opposition to A&B's motion to dismiss and argued, inter alia, that the motion should be denied because Toro has a "continuing interest in the legal claims" of First Insurance and because of the "derivative nature of those claims." In addition, Toro argued the lawsuit involved his general and special damages, and thus, First Insurance "needs Toro to prove the reasonableness and necessity of the expenses, and for all factors of the general damages claim."  Toro also filed a motion to intervene in the subrogation action pursuant to HRS § 386-8[5]

---

[5]     HRS § 386-8 provides:

When a work injury for which compensation is payable under this chapter has been sustained under circumstances creating in some person other than the employer or another employee of the employer acting in the course of his employment a legal liability to pay damages on account thereof, the injured employee or his dependents (hereinafter referred to collectively as the employee) may claim compensation under this chapter and recover damages from such third person.

If the employee commences an action against such third person he shall without delay give the employer

written notice of the action and the name and location of the court in which the action is brought by personal service or registered mail. The employer may, at any time before trial on the facts, join as party plaintiff.

If within nine months after the date of the personal injury the employee has not commenced an action against such third person, the employer, having paid or being liable for compensation under this chapter, shall be subrogated to the rights of the injured employee. Except as limited by chapter 657, the employee may at any time commence an action or join in any action commenced by the employer against such third person.

No release or settlement of any claim or action under this section is valid without the written consent of both employer and employee. The entire amount of the settlement after deductions for attorney's fees and costs as hereinafter provided, is subject to the employer's right of reimbursement for his compensation payments under this chapter and his expenses and costs of action.

If the action is prosecuted by the employer alone, the employer shall be entitled to be paid from the proceeds received as a result of any judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fee, the employer shall apply out of the amount of the judgment or settlement proceeds an amount sufficient to reimburse the employer for the amount of his expenditure for compensation and shall pay any excess to the injured employee or other person entitled thereto.

If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee. On application of the employer, the court shall allow as a first lien against the amount

and HRCP Rule 24, which governs intervention. On March 17, 2009, the court heard argument on the pending motions. During the hearing, A&B's counsel stated, "with respect to [Toro's] motion

> of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.
>
> If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, there shall first be paid from any judgment for damages recovered, or settlement proceeds in case the action or actions be settled before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorney's fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees there shall be applied out of the amount of the judgment for damages, or settlement proceeds an amount sufficient to reimburse the employer for the amount of his expenditure for compensation and any excess shall be paid to the injured employee or other person entitled thereto.
>
> In the event that the parties are unable to agree upon the amount of reasonable litigation expenses and the amount of attorneys' fees under this section then the same shall be fixed by the court.
>
> After reimbursement for his compensation payments the employer shall be relieved from the obligation to make further compensation payments to the employee under this chapter up to the entire amount of the balance of the settlement or the judgment, if satisfied, as the case may be, after deducting the cost and expenses, including attorneys' fees.
>
> . . . .
>
> Another employee of the same employer shall not be relieved of his liability as a third party, if the personal injury is caused by his wilful and wanton misconduct.
>
> . . . .

(Emphasis added).

-8-

to intervene, . . . on a legal basis, I recognize the statute and take no position on the motion." The court denied A&B's motion to dismiss and granted Toro's motion to intervene.

Toro's Complaint in Intervention, filed on March 25, 2009, alleged that his injuries were sustained because of A&B's negligence. Toro sought general damages, special damages, attorney's fees and costs, and pre- and post-judgment interest. On May 29, 2009, A&B filed an Answer to Toro's Complaint in Intervention, which asserted, inter alia, a statute of limitations defense.

Trial was initially set for August 17, 2009, but was continued to May 24, 2010, by stipulation of the parties, to allow sufficient time to participate in the Court Annexed Arbitration Program.[6]

On May 10, 2010, Toro sought leave to amend his complaint by certifying three Doe Defendants, Robert Chin (Diversified civil engineer), Wilson Padilla (Diversified project engineer), and Matthew Emmanuel (Diversified job site foreman).

On May 20, 2010, A&B filed a motion for summary judgment. A&B argued that Toro's complaint in intervention was untimely pursuant to the "clear and unambiguous" language of HRS § 386-8, which, A&B argued, limits an employee's right to intervene to the applicable statute of limitations under HRS

---

[6] In the intervening period, it appears that the parties participated in extensive discovery.

chapter 657. Additionally, A&B pointed out that during Toro's February 9, 2010 deposition, Toro stated that he knew there was a two year statute of limitations on his claim, and he admitted to having a workers' compensation attorney since January 2007.

In its memorandum in opposition, First Insurance contended, inter alia, that employers and employees share the same cause of action arising from the employee's injuries. Accordingly, if either commences an action within the statute of limitations, the other's intervention will not prejudice the defendant's ability to defend. First Insurance further argued that failing to allow an employee to intervene before trial is inconsistent with the provision in HRS § 386-8 that gives both employers and employees the power of consent before any action can be settled or dismissed.

In his memorandum in opposition, Toro argued, inter alia, that HRS § 386-8 does not provide a third party such as A&B with an affirmative statute of limitations defense because: (1) the statute is liberally construed to preserve, not limit, an employer's and employee's right of action; and (2) the statute of limitations does not apply if an employee intervenes in an employer's timely filed action. Toro also argued that A&B's motion should be denied on procedural grounds because, in failing to object to Toro's motion to intervene, A&B waived the issue and the issue was res judicata.

On July 27, 2010, the circuit court heard A&B's motion

for summary judgment, along with Toro's May 10, 2010 motion to certify and identify the three Doe defendants.[7]  Noting that "[c]hapter 386 is to be given a liberal instruction [sic] to accomplish the obviously beneficent purposes that are contained therein[,]" the court nonetheless concluded that "[HRS §] 386-8 does appear to be clear and unambiguous, even though to a certain extent the way it is worded does not . . . maximize the beneficent purposes relative to the rights of an injured employee."  The court concluded that the language of HRS § 386-8 plainly and unambiguously required an employee to intervene within the statute of limitations, though the court expressed uncertainty as to why.

The court further concluded that whichever party brings suit must "maximize the amount of the judgment or settlement for damages to protect the interests of the other party who may not be represented."  Additionally, the court stated that before it would grant A&B's motion, it would require briefing on: (1) whether Toro could be joined as a nominal party or HRCP Rule 19 "interested" party;[8] and (2) whether First Insurance should bring

---

[7]     The circuit court mooted Toro's May 10, 2010 motion to amend his complaint by declaring its intention to grant A&B's May 20, 2010 motion to dismiss Toro's complaint in intervention.

[8]     HRCP Rule 19 governs the joinder of persons needed for just adjudication.  According to HRCP Rule 19(a):

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter

-11-

an Iddings v. Mee-Lee claim[9] on Toro's behalf.

In its supplemental memorandum regarding the "nominal party" issue, A&B argued that Toro's role in the proceeding would be to offer testimony at trial as a percipient witness to the accident and his medical treatment. First Insurance and Toro, however, argued that Toro should be joined as a party under HRCP Rule 19 because he is a real party in interest, and that First Insurance could not bring an Iddings v. Mee-Lee claim against Diversified's employees.

At an August 31, 2010 hearing, the circuit court held that Toro could participate as an HRCP Rule 19 interested party in First Insurance's action, but that First Insurance could not bring an Iddings v. Mee-Lee claim against its own employees, thus preventing First Insurance from suing Chin, Padilla, and Emmanuel

---

impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

[9]    This request was made in response to Toro's May 10, 2010 motion to amend his complaint to certify the three Doe defendants. In Iddings v. Mee-Lee, 82 Hawai'i 1, 6, 919 P.2d 263, 268 (1996), this court set out the test for when an injured employee can file suit against his or her co-employees. This court noted that, under HRS § 386-8, an injured employee is prohibited from filing suit against "another employee of the employer acting in the course of his employment[,]" except when the personal injury was caused by the co-employee's "wilful and wanton misconduct." Id. (internal quotations and emphasis omitted) (brackets in original). This court held that "the wilful and wanton misconduct" exception is limited to "conduct that is either: (1) motivated by an actual intent to cause injury; or (2) committed in circumstances indicating that the injuring employee (a) has knowledge of the peril to be apprehended, (b) has knowledge that the injury is a probable, as opposed to a possible, result of the danger, and (c) consciously fails to avoid the peril." Id. at 12, 919 P.2d at 274.

on Toro's behalf.

On September 21, 2010, the court issued its order granting A&B's motion for summary judgment "because an employee may not intervene in a third party liability suit under HRS § 386-8 after the statute of limitations under HRS § 657-7 has expired[.]"

On September 30, 2010, Toro filed: (1) a motion for relief on form of order granting motion for summary judgment, which First Insurance joined; and (2) a motion for HRCP Rule 54(b) certification[10] on the order granting summary judgment, and direction to enter judgment. In a November 1, 2010 hearing, the court orally granted Toro's motion for HRCP Rule 54(b) certification.

On October 28, 2010, the circuit court filed its amended order granting A&B's motion for summary judgment. The order granted A&B's motion on the ground that "an employee may

---

[10]     HRCP Rule 54(b) provides:

> **Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

not intervene in an employer's third party liability suit under HRS § 386-8 after the statute of limitations under HRS § 657-7 has expired[.]" The court also stated,

> Joseph G. Toro is an interested party who must be joined under Rule 19 or his ability to protect his interest will be impaired, and therefore remains an interested party to the case under HRCP Rule 19 and may participate herein; under HRS § 386-8 First Insurance is obligated to seek maximum recovery for Joseph G. Toro that would include general and special damages; and that First Insurance can not [sic] bring an Iddings v. Mee-Lee[] claim as it would essentially be suing itself.

On December 2, 2010, the circuit court filed its order granting Toro's motion for HRCP Rule 54(b) certification, and also entered its final judgment pursuant to HRCP Rules 54(b) and 58 in favor of A&B as against Toro. Toro filed his notice of appeal on December 13, 2010.

**B. Appeal**

We accepted Toro's application for transfer on April 20, 2011, and all appellate briefing was filed with this court.

> On appeal, Toro raises the following points of error:
>
> A. The [circuit] court incorrectly held that HRS § 386-8 limits an employee's right to intervene in a timely filed lawsuit of an employer, because the statutory section was meant to promote an employee's remedies and right of action, and the repayment of [workers' compensation] benefits due to a responsible third party's tortious actions.
>
> B. A statutory construction of the phrase in issue, supported by legislative history, language context of the whole statute, and the legal and equitable principles of the statute, support an employee's right to intervene in the timely filed lawsuit of the employer.
>
> C. HRS § 386-8 and the relevant portion of the third paragraph was not created to 'limit' a party's procedural right of intervention.

-14-

D.  An employee can not [sic] remain a party to a
lawsuit, when his claims have been dismissed, giving
rise to problems of whether [First Insurance] can
prove non-economic damages.

E.  Once the circuit court granted the motion to
intervene, [A&B] waived its arguments on claim
preclusion.

Toro's first three points of error concern his argument that the "[circuit] court erred as a matter of law when it held that an employee may not intervene in an employer's HRS § 386-8 lawsuit after the statute of limitations period [] has elapsed."

Toro's fourth point of error concerns First Insurance's ability to prove non-economic damages, absent Toro's intervention. In support of this point of error, Toro argues that "an employee's non-economic damages require that he be able to intervene as [a] party[.]" (Formatting altered). Toro contends that in limiting his right to intervene, the circuit court is also limiting his claim because First Insurance is not required to claim non-economic damages. Additionally, Toro argues that "[a]n employer would not be able to prove [general] damages without the real party in interest, the employee[,]" being able to intervene. Thus, according to Toro, the circuit court erred in ruling that he could be an HRCP Rule 19 "interested" party, but could not intervene.

In his fifth point of error, Toro argues that both res judicata and waiver bar A&B's statute of limitations defense.[11]

___

[11]     Because we conclude that the statute of limitations does not preclude Toro's intervention, we do not discuss Toro's arguments based on waiver and res judicata. In addition, because A&B did not appeal the circuit court's May 6, 2009 order granting Toro's motion to intervene, we do not consider that order further.

According to Toro, A&B waived its defense when it failed to oppose Toro's motion to intervene at the March 17, 2009 hearing. Toro further argues res judicata based upon the trial court's denial of A&B's motion to dismiss because A&B had asserted in its motion to dismiss that Toro's claims were barred by the statute of limitations, and the circuit court necessarily rejected those arguments in denying A&B's motion. Toro contends that "[w]here [A&B] has raised a defense which the court has ruled upon, the legal issue is res judicata."

In its answering brief, A&B argues that the plain and unambiguous language of HRS § 386-8 precludes an employee from intervening in an employer's third party liability lawsuit after the statute of limitations has expired. A&B contends that the statute allows liberal joinder for employers but not employees because "[t]he employer's intervention does not change the potential damages faced by the third party." However, A&B argues, an "employee's intervention would expand the damages faced by the third party because now general common law damages would be claimed."[12]

_____

[12]    A&B also presented a "counterstatement of points of error" and argued that the circuit court erred in holding that Toro is an HRCP Rule 19 "interested party" who must be joined, and that First Insurance had an obligation to seek maximum recovery for Toro. However, A&B did not file a notice of appeal from the circuit court's judgment. Absent a cross-appeal, A&B cannot raise these points of error, and accordingly, they will not be addressed further. HRAP Rule 4.1(b)(1) ("The cross-appellant shall file with the clerk of the court appealed from a notice of cross-appeal . . . within 14 days after the notice of appeal is served on the cross-appellant, or within the time presented for filing the notice of appeal, whichever is later."); HRAP Rule 4.1(c) (noting that, with limited exception, "[t]he cross-appellant shall comply with all rules governing appeals"); see Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) ("[A]n appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived

In his reply brief,[13] Toro argues that a subrogation claim is also the injured worker's claim, that the purpose of HRS § 386-8 is to promote recovery of compensation expended plus the recovery of surplusage, that the legislative history reflects an intent to protect a worker's right to third party recovery, and that the statute at issue is ambiguous.

## II.   Standards of Review

### A.   Summary Judgment

"On appeal, the grant or denial of summary judgment is reviewed de novo." Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008) (citation omitted).   Furthermore,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.   The evidence must be viewed in the light most favorable to the non-moving party.   In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. (citation omitted) (brackets in original).

### B.   Statutory Interpretation

"Statutory interpretation is a question of law

---

by the parties nor disregarded by the court in the exercise of judicial discretion.") (citation, brackets, and internal quotation marks omitted).

[13]   Toro's Reply Brief was eleven pages long and accordingly did not comport with HRAP Rule 28(a) (mandating, in pertinent part that, "a reply brief shall not exceed 10 pages").   Toro filed a Motion for Permission to Exceed Reply Brief Page Limit, which we denied.   Additionally, we ordered that page 11 of Toro's reply brief be stricken from the appellate record.

reviewable de novo." State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (internal quotation marks omitted). Our construction of statutes is guided by the following rules:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

Id. (quoting Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of the City & Cnty. of Honolulu, 114 Hawai'i 184, 193, 159 P.3d 143, 152 (2007)).

### III. Discussion

**A. The language of HRS § 386-8 is ambiguous as to whether the statute of limitations precludes an employee from intervening in a timely action brought by his or her employer**

HRS § 386-8 provides in relevant part:

> If within nine months after the date of the personal injury the employee has not commenced an action against such third person, the employer, having paid or being liable for compensation under this chapter, shall be subrogated to the rights of the injured employee. Except as limited by chapter 657, the employee may at any time commence an action or join in any action commenced by the employer against such third person.

(Emphasis added).

HRS § 657-7 provides, "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued,

-18-

and not after, except as provided in section 657-13."[14] (Emphasis added).

In the present case, it is undisputed that First Insurance's action, filed on May 1, 2008, was commenced within the two year limitations period, and that Toro's complaint in intervention was filed on March 25, 2009, after the two year limitations period expired. The circuit court determined that the language of HRS § 386-8 is unambiguous, stating, "an employee may not intervene in an employer's third party liability suit under HRS § 386-8 after the statute of limitations under HRS § 657-7 has expired[.]" A&B, citing Shimabuku, similarly argues that the clear and unambiguous language of HRS § 386-8 precludes an employee from intervening in an employer's lawsuit against a third-party after the statute of limitations has expired. Toro, however, contends that an employee may join in any action commenced by the employer without limitation so long as the employer instituted its action within the statute of limitations set forth in chapter 657.

HRS § 386-8 is ambiguous when it is read in conjunction with HRS § 657-7, since the latter does not explicitly address an employee's right to intervene. HRS § 386-8 provides that, "the employee may at any time commence an action or join in any action commenced by the employer against such third person[,]" "[e]xcept

_____

[14] Nothing in the record indicates that HRS § 657-13, which deals with exceptions to the statute of limitations because of infancy, insanity, or imprisonment, applies to the present case.

as limited by chapter 657." HRS § 386-8. HRS § 657-7, however, applies solely to "institut[ing]" "[a]ctions for the recovery of compensation[.]" Although "[i]nstitute" is not defined in HRS § 657-7, it is commonly defined as "[t]o begin or start; commence." Black's Law Dictionary 868 (9th ed. 2009). Thus, it is unclear how these statutes apply in the present circumstances. There are two reasonable ways that the language of HRS § 386-8 can be read: first, as A&B contends, that HRS § 386-8 precludes both an employee's ability to commence and to join in an action after the statute of limitations has elapsed; and second, as Toro contends, that the language, when read together with HRS § 657-7, does not preclude an employee's right to intervene in an otherwise timely action.

A&B's reliance on Shimabuku for the proposition that we have found the language of HRS § 386-8 to be plain and unambiguous is misplaced. In Shimabuku, we were specifically referring to the fourth paragraph in HRS § 386-8, which requires written consent of both the employer and the employee to any settlement. 79 Hawai'i at 357, 903 P.2d at 53 (noting that "under the clear language of HRS § 386-8, an injured employee, who has previously received workers' compensation benefits, may not dismiss a claim against a third-party tortfeasor without written consent of the employer"). We did not interpret the paragraph of HRS § 386-8 that is at issue in the instant case, and thus Shimabuku does not establish that the language of HRS

§ 386-8 is plain and unambiguous in this context.

Accordingly, HRS § 386-8 is ambiguous with regard to whether an employee must intervene prior to the expiration of the two year limitations period set forth in HRS § 657-7. When a statute contains an ambiguity:

> the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law.

Wheeler, 121 Hawai'i at 390, 219 P.3d at 1177 (internal quotation marks omitted) (quoting Citizens Against Reckless Dev., 114 Hawai'i at 194, 159 P.3d at 153).

Therefore, we may look to the statute as a whole and its legislative history for guidance in construing the language in question.

**B. HRS § 386-8 was not intended to restrict an employee's right to intervene in an otherwise timely action, but rather was intended to restrict an employee's right to institute or commence an action**

As discussed below, the statutory scheme and legislative history of HRS § 386-8 indicate that the phrase, "[e]xcept as limited by chapter 657," was not intended to restrict an employee's right to intervene in a lawsuit that was timely filed by his or her employer.

**1. Legislative History**

HRS § 386-8 can be traced to Hawaii's first Workers' Compensation Act, which was enacted in 1915. 1915 Haw. Sess.

Laws Act 221, § 1 at 323. As of 1945, the workers' compensation law required an injured employee to elect to "either claim compensation under this chapter or obtain damages from or proceed at law against [a third party] to recover damages." RLH § 4409 (1945). In 1951, the Territorial Legislature amended RLH § 4409 to expand an employee's workers' compensation rights by permitting the employee to both collect workers' compensation and bring suit against the third party that caused the injury. 1951 Haw. Sess. Laws Act 194, § 1 at 229-30; S. Stand. Comm. Rep. No. 195, in 1951 Senate Journal, at 589.

Additionally, in 1951, the Territorial Senate proposed uniform language for employer and employee intervention. S.B. 418, S.D. 1, 26th Territorial Leg., Reg. Sess. (1951). The proposal included the following language: "If the action is brought by either the employer or the employee, the other may, at any time before trial on the facts, join as a party plaintiff or shall consolidate his action[.]" S.B. 418, S.D. 1, 26th Territorial Leg., Reg. Sess. (1951); S. Stand. Comm. Rep. No. 195, in 1951 Senate Journal, at 590. However, on the recommendation of the Department of Labor and the insurance industry, the Territorial House deleted this provision. H. Stand. Comm. Rep. No. 722, in 1951 House Journal, at 579. The Senate agreed to the House amendments, 1951 House Journal, at 334 (Senate Communication No. 349 agreeing to House amendments), and the House version was then enacted. 1951 Haw. Sess. Laws Act

194, § 1 at 229.

The language that was enacted gave the employer the right to join an employee's action at any time before trial. 1951 Haw. Sess. Laws Act 194, § 1 at 229 ("If the employee brings an action against such third person . . . the employer may, at any time before trial on the facts, join as party plaintiff."). Additionally, Act 194 stated that "[i]f within nine months after the date of injury or death the employee has not instituted action against such third person, the employer having paid benefits under this chapter or having become liable therefor shall be subrogated to the rights of the injured employee." 1951 Haw. Sess. Laws Act 194, § 1 at 229. RLH § 4409 was recodified as RLH § 97-10 (1955). Thus, after Act 194, the statute provided that if an injured employee failed to file suit within nine months, then the employer would be subrogated to the rights of the employee.

After Act 194 was enacted, confusion arose as to whether employees lost the right to file suit after the nine month period elapsed. See S. Stand. Comm. Rep. No. 888, in 1959 Senate Journal, at 930-31. Accordingly, in 1959 the legislature added the phrase at issue in this case: "Except as limited by Chapter [657], the employee may at any time institute action or join in any action instituted by the employer against such third person." 1959 Haw. Sess. Laws Act 185, § 1 at 116; RLH § 97-10 (Supp. 1960).

In doing so, the Legislature intended to protect an injured employee's right to institute an action and not to limit his or her right to intervene. The legislature amended RLH § 97-10, now HRS § 386-8,[15] pursuant to Act 185, entitled, "An Act Amending Section 97-10 [] to Provide That Right of Injured Employee to Bring Action Against Third Parties is Not Limited to Nine Months[,]" to "make it clear that [RLH § 97-10] does not limit the right of an injured employee to institute action against a third party to within nine months after the date of injury or death[,]" but rather "gives the right to the employer to institute such action after nine months if the injured employee has not instituted action by that time." 1959 Haw. Sess. Laws Act 185, § 1 at 116; H. Stand Comm. Rep. No. 291, in 1959 House Journal, at 707. Thus, the 1959 amendment sought to clarify the 1951 amendment, because it was unclear whether an employee forfeited his or her rights to institute an action if the employee did not do so within nine months after the injury, since the nine month threshold would also trigger the employer's subrogation rights. H. Stand. Comm. Rep. No. 291, in 1959 House Journal, at 707; S. Stand Comm. Rep. No. 888, in 1959 Senate

_____

[15]    HRS § 386-8 was enacted in 1963 following a commission report entitled, "Study of the Workmen's Compensation Law in Hawaii," which recommended that the 1963 workers' compensation law not depart significantly from its territorial predecessors. See Stefan A. Riesenfeld, Legislative Reference Bureau, Report No. 1, Study of the Workmen's Compensation Law in Hawaii iii, 102 (1963), available at http://lrbhawaii.info/lrbrpts/63/63workcomp.pdf. The report recommended that the paragraph at issue in this case regarding third party liability be "left unaltered except for minor changes in language." Id. at 102. This recommendation was subsequently adopted. Compare RLH § 97-10 (1955) with 1963 Haw. Sess. Laws Act 116, § 1 at 106.

Journal, at 930-31.  The Senate Judiciary committee stated:

> It is the purpose of this Bill to make certain that the nine-month period which must expire before an employee [sic] brings an action against a third party to recover under the employer's right of subrogation for workmen's compensation paid to an injured employee does not prescribe a time limit within which the employee must <u>institute action</u> against the third party.  The normal statute of limitations is the only time limit imposed on the employee.

S. Stand. Comm. Rep. No. 888, in 1959 Senate Journal, at 930-31 (emphasis added).

The legislative history establishes that the Legislature was trying to address a narrow issue, i.e., dispelling the belief that the statute established a nine month statute of limitations on the injured employee's right to <u>institute</u> an action.[16]  The legislative history does not suggest that the Legislature was attempting to limit employees' rights in the distinct context of intervention in an already filed action.[17]

---

[16]    Although the Legislature subsequently amended HRS § 386-8 to replace the word "institute" with the word "commence", 1970 Haw. Sess. Laws Act 58, § 1 at 106, this does not change the analysis since "institute" and "commence" are synonymous in this context.  Webster's New International Dictionary 537 (2d ed. 1960) (defining "commence" as, "to have or to make a beginning; to originate; start; begin."); <u>Black's Law Dictionary</u> 868 (9th ed. 2009) (defining "institute" as, "[t]o begin or start; commence").

[17]    Similarly, nothing in the legislative history of HRS § 657-7 indicates that it was intended to restrict intervention.  Neither the plain language nor the legislative history of HRS chapter 657 or § 657-7 indicates whether the statute limits intervention to within two years of the cause of action arising.  Section 657-7 reads in relevant part:

> Actions for the recovery of compensation for damage or injury to persons or property shall be <u>instituted</u> <u>within two years after the cause of action accrued</u>, and not after[.]

(Emphasis added).
    Hawaii's statute of limitations for personal injury actions was first codified as Hawai'i Civil Code chapter XIX (1859).  The section at issue here, HRS § 657-7, originated in 1907 as a statute limiting the period to file

Thus, the evolution of the statute reflects an intent to expand an employee's rights and protections rather than contract them. This intent is consistent with the general principle that the workers' compensation law should be liberally construed to protect employees' rights. See, e.g., Hun v. Center Prop., 63 Haw. 273, 277, 626 P.2d 182, 185 (1981) ("Worker's compensation laws should be liberally construed in order to accomplish the intended beneficial purposes of the statute.") (citation omitted); see also Evanson v. Univ. of Hawaiʻi, 52 Haw. 595, 600, 483 P.2d 187, 191 (1971) (holding that workers' compensation laws should be given a "liberal construction in order to accomplish their beneficient purposes") (citations omitted).

Additionally, this court has allowed intervention after a statute of limitations has expired in non-workers' compensation contexts. In Kepoʻo v. Kane, 106 Hawaiʻi 270, 285-86, 103 P.3d 939, 954-55 (2005), this court allowed two parties to intervene after the statute of limitations had expired on their claim. The statute at issue, HRS § 343-7(b), provided that the judicial

_____

actions for personal injury or property damage to one year. 1907 Haw. Sess. Laws Act 113, § 1 at 195. In 1913, the statutory period to institute an action was amended to two years. 1913 Haw. Sess. Laws Act 19, § 1 at 22. The section was later codified as RLH § 2645 (1925). Since then, the language has remained nearly identical.
    The Legislature amended this statute in 1955 and recodified it as RLH § 241-7 (Supp. 1955), which read: "Actions for the recovery of compensation for damages or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after."
    The similarity between §§ 241-7 and 657-7 is indicative of how little change the statute has undergone throughout its existence. As a result, there is very little legislative history on this section, and none about whether institution of an "action" encompasses complaints in intervention.

proceeding "shall be initiated" within thirty days of the public being informed of the agency's decision that an environmental impact statement is not required. Id. This court concluded that because judicial proceedings were timely "initiated" by other parties, the statute of limitations would not bar the intervention. Id. In support of this rationale, this court relied on Mississippi Food & Fuel Workers' Compensation Trust v. Tackett, 778 So.2d 136, 142 (Miss. Ct. App. 2000), which adopted the "general rule that an insurance company's intervention in an injured worker's third-party tort claim to assert the company's right of subrogation is not subject to a statute of limitations bar so long as the original action was commenced . . . within the applicable limitation period." Kepo'o, 106 Hawai'i at 285-86, 103 P.3d at 954-55.

The legislative history, therefore, supports Toro's argument that HRS § 386-8 was not intended to limit an employee's right of intervention in an otherwise timely action.

### 2.    Statutory Scheme

Additionally, an analysis of the related provisions of the workers' compensation law supports the conclusion that the phrase at issue does not restrict an employee's right of intervention as A&B suggests.

HRS § 386-8 establishes a framework for the employee, employer, and third party to attempt to resolve their dispute at

one time and in a single proceeding.[18]  Under this framework, and

consistent with the general notion of avoiding double recovery

for an employee, the employer recovers any money that it advanced

as compensation, with the excess going to the employee.[19]  See 6

Lex K. Larson, Larson's Workers' Compensation § 110.02 (Matthew

Bender, Rev. Ed.) (hereinafter "Larson's Workers' Compensation

Law") ("The obvious disposition of the matter is to . . .

reimburse [the employer] for its compensation outlay, and to give

the employee the excess.  This is fair to everyone concerned: the

employer, who, in a fault sense, is neutral, comes out even; the

third person pays exactly the damages he or she would ordinarily

pay, which is correct, since to reduce the third party's burden

because of the relation between the employer and the employee

would be a windfall that the third party has done nothing to

deserve; and the employee gets a fuller reimbursement for actual

---

[18]     The statute notes three possible variations of this single action: "If the action is prosecuted by the employer alone"; "If the action is prosecuted by the employee alone"; and "If the action is prosecuted by both the employee and the employer, in a single action or in consolidated actions." HRS § 386-8.  The statute sets forth rules governing the apportionment of costs and attorney's fees under each scenario.  See infra note 19.

[19]     According to HRS § 386-8:

> If the action is prosecuted by the employer alone, the employer shall be entitled to be paid from the proceeds received . . . . an amount sufficient to reimburse the employer for the amount of his expenditure for compensation and shall pay any excess to the injured employee or other person entitled thereto.

If the employee brings suit, "[a]fter the payment of such expenses and attorney's fees there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee." HRS § 386-8.  The employer also has a right of first lien against the amount of damages awarded.

damages sustained than is possible under the compensation system alone.") (footnote omitted).

Under HRS § 386-8, the employee has the first opportunity to bring suit, which promotes the efficient resolution of his or her claims and recognizes that "[a]fter all, it is the employee's injury."[20]  6 Larson's Workers' Compensation Law, § 116.03.  Moreover, HRS § 386-8 provides that "[n]o release or settlement of any claim or action under this section is valid without the written consent of both employer and employee." Thus, HRS § 386-8 allows both the employee and the employer to object to any settlement or release of claims, thereby ensuring that each party has an opportunity to protect their respective interests.  Allowing an injured employee to object to a proposed settlement of the claim, but not intervene in an employer's timely filed suit to resolve that claim, would be contrary to the statute's purpose of facilitating a complete resolution of the dispute.  The likelihood of a fair and prompt resolution is increased by allowing the employee to participate in the litigation on the same terms as the employer, rather than restricting the employee to blocking the other parties' efforts to resolve the dispute.

---

[20]  Section 116.03 of Larson's Workers' Compensation Law provides:

> [L]ogic would dictate that the employee should have first priority.  After all, it is the employee's injury and cause of action.  The wheels of the subrogation machinery need not be set in motion at all if the employee exercises his or her normal common law rights; in this way there is a minimum of dislocation of regular procedures by the compensation act.

Therefore, the structure of the workers' compensation statute, which encourages resolution of the dispute in a single action, suggests an intent to allow intervention by both the employer and the employee at any time prior to trial in the other's timely filed suit. See Hun, 63 Haw. at 277, 626 P.2d at 185 ("Worker's compensation laws should be liberally construed in order to accomplish the intended beneficial purposes of the statute.").

Nevertheless, A&B argues that HRS § 386-8 gives an employer but not the employee the right to intervene after the statute of limitations has run because the "employer's intervention does not change the potential damages faced by the third party[]" while "[a]n employee's intervention would expand the damages faced by the third party because now general common law damages would be claimed." A&B also insists that First Insurance's "prosecution of the action is for the recovery [] of an amount sufficient to reimburse the employer for the amount of his expenditure for compensation. This case does not involve any excess that could be paid to the injured employee or other person entitled thereto." (Internal quotation marks omitted). A&B cites to cases from other jurisdictions in support of this limitation on an employee's right to intervene. See Sankey Bros., Inc. v. Guilliams, 504 N.E.2d 534, 539 (Ill. Ct. App. 1987); State Comp. Ins. Fund v. Selma Trailer & Mfg. Co., 258 Cal. Rptr. 545, 555 (Cal. Ct. App. 1989); Hartford Acc. & Indem.

Co. v. Rigdon, 418 F. Supp. 540, 542 (S.D. Ala. 1976)). A&B's argument that it would be exposed to greater damages is unpersuasive because, in this particular circumstance, First Insurance sought general damages in its complaint.[21] In addition, the cases cited by A&B are distinguishable from the present case and contrary to the holdings of a majority of jurisdictions.

A&B cites Sankey for the proposition that an employee has no absolute right to intervene in the employer's action, and must bring his claim within the statute of limitations. In that case, the employee's suit against a third-party was dismissed because it was filed after the statute of limitations. 504 N.E.2d at 535-36. The employee subsequently sought to intervene in the employer's separate, timely filed action. The trial court held that the employee's intervention was barred in part by the doctrine of res judicata, because the dismissal of his original suit was based on his failure to comply with the statute of limitations, which constituted a judgment on the merits. Id. at 538. The Illinois Appellate Court affirmed on the same grounds. Id. at 539. Accordingly, Sankey was resolved on the basis of res judicata, and addressed intervention only in that specific

---

[21]     We need not address whether an intervening party can expand the recovery sought by asserting additional claims against the defendant because, here, First Insurance sought both "special and general damages" in its complaint, which put A&B on notice of the claims it would have to defend against. As First Insurance noted in its opposition to A&B's motion for summary judgment, "Toro's claims [we]re the same general and special damages claims that [First Insurance] brought in its Complaint."

context.

In State Comp., the California Court of Appeals affirmed the dismissal of both the complaint and the complaint-in-intervention for delay in prosecution on the ground that the delay had substantially prejudiced the defendants. 258 Cal. Rptr. at 548-49, 551. The complaint was filed one day short of the statute of limitations, and was served nearly three years later. Id. at 547, 549. The complaint-in-intervention was filed just prior to the original complaint being served. Id. at 547. Due to inactivity on the part of the plaintiffs and intervenors, the complaints were dismissed under a state statute requiring dismissal of a matter not brought to trial within five years of being commenced. Id. at 548-49. As a result, the trial court dismissed both the complaint and the complaint in intervention, and the appellate court affirmed. Id. at 555. Accordingly, State Comp. is distinguishable because the complaints were dismissed due to the plaintiffs' and intervenors' inactivity.

Finally, Hartford is distinguishable because the statute at issue there differs substantially from HRS § 386-8. See 418 F. Supp. at 541. In Hartford, the Supreme Court of Alabama noted that title 26, § 312 (1940) of the Code of Alabama did not seem to contemplate any joinder by either the employer or employee. The statute also seemed to divide the employee's and employer's rights regarding third party defendants. Id. Under the statute, the employee had the exclusive right to bring suit

for the entire one year statute of limitations period, and the employer had a right to bring suit for an additional six month period if the employee did not file suit within the statutory time limit. Id. Thus, unlike under HRS § 386-8, the employer's and employee's causes of action under Alabama law were mutually exclusive.

Contrary to A&B's assertion that cases from other jurisdictions support a limitation on an employee's right of intervention, the majority of other jurisdictions allow an employee's intervention after the statute of limitations has elapsed:

> It is almost uniformly held that intervention is permissible even after the statute of limitations has run, if the action intervened in was itself timely brought, whether the intervention is by the insurer in the employee's suit, or by the employee in the insurer's suit. This is true even if the claim of the party that made the timely filing ultimately fails unless it fails on the ground that it was, as it turned out, itself not timely, in which event the intervention fails with it.

7 Larson's Workers' Compensation Law § 120.03[3] (citing Home Ins. Co. v. S. Cal. Rapid Transit Dist., 241 Cal. Rptr. 858 (Cal. Ct. App. 1987) (holding that an injured employee could intervene despite failing to file his complaint within the statute of limitations); Jordan v. Super. Ct., 172 Cal. Rptr. 30 (Cal. Ct. App. 1981) (allowing an injured employee's complaint in intervention because it was not barred by the statute of limitations); Geneva Const. Co. v. Martin Transfer & Storage Co., 114 N.E.2d 906 (Ill. App. Ct. 1953), aff'd, 122 N.E.2d 540 (Ill. 1954) (determining that an injured employee could intervene

in a timely suit brought by the employer despite lapse of statute of limitations)); see Payne v. Dundee Mills, Inc., 510 S.E.2d 67, 68 (Ga. Ct. App. 1999) (holding that an injured employee could intervene in an employer's subrogation action after the statute of limitations had expired because intervention was timely under general rules concerning intervention); Franks v. Sematech, Inc., 936 S.W.2d 959 (Tex. 1997) (finding that an injured employee's intervention related back to the insurer's original filing and thus, was not time-barred). Therefore, A&B's arguments are misplaced.

In sum, the legislative history and statutory framework of HRS § 386-8 indicate that Toro's intervention was not barred by the statute of limitations, and that the circuit court erred in granting A&B's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, we hold that HRS §§ 386-8 and 657-7 did not limit Toro's intervention in First Insurance's timely filed suit. Accordingly, we vacate the trial court's December 2, 2010 judgment in favor of A&B, and remand for further proceedings.

| | |
|---|---|
| Matthew S. Kohm for plaintiff-intervenor/ appellant. | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Keith K. Hiraoka (James R. Ferguson and Jodie D. Roeca of Roeca Luria Hiraoka LLP with him on the briefs) for defendant/appellee. | /s/ Simeon R. Acoba, Jr. |
| | /s/ James E. Duffy, Jr. |
| | /s/ Sabrina S. McKenna |

