SANKEY BROTHERS, INC., *et al.*, Plaintiffs-Appellees, v. NORMAN R. GUILLIAMS *et al.*, Defendants (William Osborne, Petitioner-Appellant).

Third District   No. 3—86—0306

Opinion filed February 19, 1987.

LUND, J., specially concurring.

David C. Harrison, of Scheele, Cornelius & Associates, Ltd., of La-Grange, for appellant.

Richard Whitman, of Stansell, Critser & Whitman, of Monmouth, and Roy Wilcox, of Danville, for appellee Sankey Brothers, Inc.

Richard Whitman, of Stansell, Critser & Whitman, of Monmouth, and Christopher P. Ryan, of Strodel, Kingery & Durre, Assoc., of Peoria, for appellee Iroquois Paving Corp.

JUSTICE McCULLOUGH delivered the opinion of the court:

This appeal involves a request by the petitioner, William Osborne (Osborne), that he be permitted to intervene in an action filed by his employers, Sankey Brothers, Inc. (Sankey), and Iroquois Paving Corporation (Iroquois) against Norman R. Guilliams (Guilliams) and Midwest Control Products Corporation (Midwest). This litigation arose from an accident which occurred on October 20, 1981, while Osborne was employed in road construction and repair work. Sankey was the general contractor for the project and Iroquois was a subcontractor. Osborne was directly employed by Iroquois at the time of the accident. On that date, a truck owned by defendant Midwest and driven by Guilliams, a Midwest employee, allegedly struck Osborne, causing him severe injuries.

Following Osborne's submission of a workers' compensation claim, an Industrial Commission arbitrator, in an order entered December 20, 1983, found Osborne completely disabled and ordered Iroquois to pay him $373.30 per week for life. According to Osborne, this decision is presently being appealed.

On October 19, 1983, Osborne filed a negligence action in the Cook County circuit court seeking damages for the injuries which he allegedly sustained in the October 20, 1981, accident. He apparently intended to sue Midwest, but another corporation was named in the complaint and served with process. On September 4, 1984, Osborne filed an amended complaint which named Midwest as a defendant, and thereafter Midwest apparently was served with process. The action was, however, dismissed on Midwest's motion on July 23, 1985, on the grounds that Midwest was not served with process within the relevant limitations period and Osborne initially suing the wrong defendant did not provide a basis for avoidance of application of the statute of limitations. The record contains no indication that Osborne appealed this or-

der of dismissal.

On October 14, 1983, Sankey filed suit against Midwest and Guilliams for the use of its insurer, seeking damages in excess of $15,000 as indemnification for workers' compensation benefits which it had paid and would be required to pay to Osborne on the basis of the injuries which he allegedly received in the October 1981 accident. Per an order entered December 5, 1984, Iroquois was permitted to intervene in this action as a party-plaintiff for the use of its insurer, also on the basis of amounts which it had paid and would be required to pay as workers' compensation for the injuries which Osborne allegedly sustained in the October 1981 accident.

On October 11, 1985, Osborne filed a petition for leave to intervene in Midwest's lawsuit for the purpose of asserting his purported rights under section 5(b) of the Workers Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)). The circuit court denied Osborne's petition in an order entered April 10, 1986. The principal bases for the court's decision were that Osborne filed his petition for leave to intervene almost four years after the cause of action accrued and that Osborne's participation in the present action is barred by the *res judicata* effect of the judgment entered in the prior Cook County suit involving Osborne and Midwest.

Osborne appeals the denial of his petition for leave to intervene, asserting that he has not had a chance to present all of the pertinent facts relating to defendants' alleged negligence and that the policies underlying the doctrine of *res judicata* do not preclude him from intervening in this cause. Also, Osborne maintains that under the circumstances of this case, we should relax strict application of the doctrine of *res judicata* because otherwise, he will be in the position of appearing only as a witness in an action involving his own claim for damages. Furthermore, Osborne asserts that under section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)), he should be deemed a necessary party to this action in order that he may protect his right to recover an amount in excess of the workers' compensation which was awarded him. He notes that the above statutory provision specifically confers upon employers the right to join in an action by an employee against a third-party tortfeasor and contends that employees should be granted the same right with respect to actions against third-party tortfeasors brought by employers.

The plaintiffs and defendants argue that the circuit court properly denied Osborne's petition for leave to intervene, because any further legal action by him against the defendants is barred by the *res judicata* effect of the judgment in the prior Cook County lawsuit filed by

Osborne against Midwest. Also, the plaintiffs assert that the statutory right of employers to bring suit against third-party tortfeasors in order to protect their interests would be rendered meaningless if employees were permitted to intervene under facts similar to those involved in this case and point out that Osborne's request for leave to intervene was not filed until after the statute of limitations had run with respect to his claims against the defendants. Sankey and Iroquois also assert that Osborne's being permitted to intervene would prejudice them unless the order permitting intervention would provide that Osborne's attorneys not be allowed to claim any fees, expenses, or costs of collecting any amounts which they recover from defendants and that Sankey and Iroquois can deduct their workers' compensation payments to Osborne, attorney fees, and costs from any recovery against the defendants before Osborne receives anything.

In reply to the arguments of the plaintiffs and defendants, Osborne contends that it is possible to infer from Sankey's and Iroquois' filing of a joint appellate brief that they would like to keep Osborne out of this action so that they can settle the matter by recovering only the amount of compensation awarded Osborne. Also, Osborne asserts that the fact that Iroquois was allowed to intervene several months after the statute of limitations had run provides a basis for holding that the present action is a "unique and nonrecurring situation" within the meaning of the decision in *Adams v. Pearson* (1952), 411 Ill. 431, 442, 104 N.E.2d 267, 273. Furthermore, Osborne maintains that it is by no means certain that he will receive any amount of workers' compensation (in view of the pendency of an appeal of his workers' compensation award) and that the defendants are going to incur legal expenses to defend this action regardless of whether Osborne is a party. Finally, Osborne states that he does not yet claim entitlement to attorney fees in this action and requests that that matter be left to the determination of the trial court if his petition for leave to intervene is allowed.

At the outset, we note that section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(b)) governs the right of employers to obtain indemnification for workers' compensation payments from third-party tortfeasors who cause on-the-job injuries to their employees. That section does require that any amount obtained in an action by an employer against a third-party tortfeasor which exceeds the amount of workers' compensation which the employer must pay, plus its attorney fees, costs, and expenses, be turned over to the injured employee. It does not, however, address the situation where, as here, an employee seeks to intervene in a suit filed by his employer against a third-party tortfeasor.

Nor is *J. L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.* (1985), 108 Ill. 2d 106, 483 N.E.2d 273—the sole case involving the Workers' Compensation Act on which Osborne relies—apposite to the factual situation presented by the case at bar. *Simmons* did not involve a request for leave to intervene, nor does the opinion touch on the application of the doctrine of *res judicata* or of statutes of limitation to a request for leave to intervene under circumstances similar to those here present. Rather, the sole workers' compensation issue in *Simmons* was whether the employer, who was joined as a third-party defendant in a suit filed against a third-party tortfeasor by an employee, was properly realigned as a party-plaintiff in the action. As Osborne points out, *Simmons* does contain a statement that the purpose of section 5(b) of the Workers' Compensation Act is to protect employees from employers who desire to recoup only the amount of workers' compensation which they must pay and nothing more. However, that statement pertains only to protection of the employee's choice of how to proceed against third-party tortfeasors prior to three months before the expiration of the applicable limitations period, after which time the employer may file suit against a third-party tortfeasor seeking indemnification for workers' compensation payments. (Ill. Rev. Stat. 1985, ch. 48, par. 138.5.) The lack of any specific guidance in the Workers' Compensation Act or in the case law interpreting it, with respect to intervention under the facts of the present case, renders applicable the provisions of the Code of Civil Procedure relating to intervention.

In civil actions generally, whether a party may intervene is a matter committed to the discretion of the trial court. (Ill. Rev. Stat. 1985, ch. 110, par. 2—408(b).) The trial court's decision with respect to a petition for leave to intervene will not be reversed absent a clear abuse of discretion. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) We conclude that the circuit court's denial of Osborne's petition for leave to intervene, when considered in view of the policies underlying the doctrine of *res judicata* and of statutes of limitation, was not a clear abuse of discretion.

Under the doctrine of *res judicata*, a judgment on the merits entered by a court of competent jurisdiction in a prior action is conclusive with respect to, and bars, a subsequent action between the same parties involving the same claim, demand, or cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) The doctrine is reflective of a public policy favoring finality in litigation and judicial economy. It ensures that controversies once decided on their

merits remain in repose. (*Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 394 N.E.2d 1164; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 444 N.E.2d 205.) Similarly to the doctrine of *res judicata*, statutes of limitation are designed to afford potential defendants a degree of repose in the sense that they can be certain that claims will not be asserted against them beyond a specified date following an occurrence. See *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211.

The two-year period in which Osborne could file suit against the defendants (Ill. Rev. Stat. 1985, ch. 110, par. 13—202) expired on October 20, 1983, and Osborne did not file his petition for leave to intervene until October 11, 1985. Thus Osborne's request for leave to intervene came well after the applicable statute of limitations had expired.

■■■ At the time that Osborne requested leave to intervene, his tort claims against defendants were also barred by the doctrine of *res judicata*, since a dismissal for failure to comply with the applicable statute of limitations constitutes a judgment on the merits for purposes of that doctrine. (*Muscare v. Voltz* (1982), 107 Ill. App. 3d 841, 438 N.E.2d 620.) The fact that Guilliams, a Midwest employee, was not a party to Osborne's Cook County suit against Midwest does not render the doctrine of *res judicata* inapplicable to Osborne's claims against Guilliams, as a judgment in favor of an employer is generally *res judicata* as to a subsequent action against an employee involving the same plaintiff and the same claim. *Spitz v. BeMac Transport Co.* (1948), 334 Ill. App. 508, 79 N.E.2d 859; see *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.

In sum, Osborne was barred by both the applicable statute of limitation and the doctrine of *res judicata* from maintaining a personal injury action against defendants at the time that he sought to intervene in this case. None of Osborne's arguments for reversal of the circuit court's order convince us that a different result should obtain simply because there is presently pending an indemnification suit by Osborne's employers against the alleged third-party tortfeasors. Osborne had full opportunity to present in the Cook County action all of his claims pertaining to defendants' negligence; that he was unable to do so is attributable to the failure of Osborne (or of the attorney who represented him in that action) to timely serve Midwest with process. The judgment entered in Osborne's previous suit against defendants distinguishes Osborne's petition for leave to intervene from that of Iroquois, because for aught that appears of record, judgment adverse to Iroquois' claim for indemnification for workers' compensation payments to Osborne had not been entered before it filed its petition for leave to intervene in this cause.

*Adams v. Pearson* (1952), 411 Ill. 431, 104 N.E.2d 267, the only case cited by Osborne in which strict application of the doctrine of *res judicata* was relaxed, does not require a similar result here. That case involved a claim for equitable relief and the court observed that strict application of *res judicata* would bar both parties from obtaining equitable relief. Also, due to the passage of time, one or both of the parties might have been denied part, if not all, of the relief to which he would normally have been entitled in an action at law if the doctrine of *res judicata* would have been strictly applied. In the present case, by contrast, Osborne requests no equitable relief, and his claim to workers' compensation benefits has not been foreclosed by the passage of time.

Osborne has cited no authority which supports his contention that he is a necessary party to this action. At a minimum, litigation must materially affect some interest of an individual in order for that person to be deemed a necessary party. (See *Mortimore v. Bashore* (1925), 317 Ill. 535, 148 N.E. 317.) Here, the result of the litigation will affect no right of Osborne, since he has no absolute right to intervene in this litigation, and his tort claims against defendants are barred by the doctrine of *res judicata* and the relevant statute of limitation.

Finally, contrary to Osborne's contentions, allowing him to intervene in this cause could unduly complicate and prolong the litigation and thus cause all of the parties additional expenses and delay in the resolution of plaintiffs' claims against defendants. In any event, the mere fact that defendants will incur expenses in defending this action regardless of whether Osborne is permitted to intervene, as well as the defendants filing a joint appellate brief, do not require reversal of the circuit court's decision in view of Osborne's lack of any absolute right to intervene in this cause and the barring of tort claims against the defendants by the doctrine of *res judicata* and the applicable statute of limitation.

As one court observed in a case involving facts rather similar to those here present, permitting intervention under these circumstances "would in effect permit [the employee] the backdoor when the front door is closed." (*Hartford Accident & Indemnity Co. v. Rigdon* (S.D. Ala. 1976), 418 F. Supp. 540, 542.) This we will not do.

The circuit court's denial of Osborne's petition for leave to intervene is affirmed.

Affirmed.

KNECHT, J., concurs.

JUSTICE LUND, specially concurring:

While concurring with the majority as to results and reasoning, I would hold that William Osborne, the injured employee, could not intervene after the two-year limitation period expired. This position is based on the theory that section 5(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par 138.5(b)) provides the employer with a right to protect his interest, being unable to do so by lien, and is not a means of giving the employee an additional limitation period.

I believe any other position opens the door under section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408) for an employee to seek intervention any time before trial. The right given the employer is for the employer's protection, and unless there is intervention by the employee, within the limitation period, the employer should be able to litigate without necessary concern for the employee's interests. A late intervention, as in the present case, could well cause expensive and burdensome delays.