# Illinois Official Reports

## Appellate Court

---

### *A&R Janitorial v. Pepper Construction Co.*, 2017 IL App (1st) 170385

---

| | |
|---|---|
| Appellate Court Caption | A&R JANITORIAL, as Subrogee of Teresa Mroczko, Plaintiff-Appellee, v. PEPPER CONSTRUCTION COMPANY; PEPPER CONSTRUCTION GROUP, LLC; PEREZ & ASSOCIATES, INC.; PEREZ CARPET; CBRE, INC.; and BLUE CROSS AND BLUE SHIELD ASSOCIATION, Defendants-Appellees (Teresa Mroczko, Individually, Intervenor-Appellant). |
| District & No. | First District, Third Division<br>Docket No. 1-17-0385 |
| Filed | December 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-8396; the Hon. William Edward Gomolinski, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Elliot R. Schiff, of Schiff Gorman, LLC, of Chicago, for intervenor-appellant.<br><br>Gregory G. Vacala and Douglas B. Keane, of Rusin & Maciorowski, Ltd, of Chicago, for appellee A&R Janitorial.<br><br>Julie A. Teuscher, Thomas P. Boylan, and Michael P. Moothart, of Cassiday Schade LLP, of Chicago, for appellee Pepper Construction Co. |

JUSTICE HOWSE delivered the judgment of the court, with opinion. Presiding Justice Cobbs and Justice Fitzgerald Smith concurred in the judgment and opinion.

**OPINION**

¶ 1     This is an appeal from an order of the circuit court of Cook County denying Teresa Mroczko's (appellant) petition to intervene in an action filed by her employer, A&R Janitorial (plaintiff) against defendants. Plaintiff, Teresa's employer at the time of her injury, filed its action against the named defendants as the subrogee of Teresa pursuant to section 5(b) of the Workers' Compensation Act (Act). 820 ILCS 305/5(b) (West 2016). Section 5(b) of the Act allows injured employees to file a lawsuit against a third-party defendant legally liable for an employee's injury and provides that the employer be indemnified for any payments it made under the Act to the employee from any recovery made from the lawsuit. If the injured employee does not file a claim against the third-party defendant prior to three months before the expiration of the statute of limitations, section 5(b) also allows the employer to file a claim against the third-party defendant to indemnify itself for benefits paid to its employee and to recover damages, as subrogee, for damages suffered by the injured employee. Under the Act, all money recovered over and above the amounts the employer has already paid to the employee shall be paid to the employee. On June 11, 2015, after the expiration of the two-year statute of limitations, and after the employer timely filed its suit for damages as subrogee, appellant filed her complaint in the circuit court of Cook County, seeking damages against defendants for negligence. The court dismissed her complaint for failure to file within the statute of limitations. Teresa did not appeal this dismissal. She then sought to intervene in plaintiff's suit against defendants. The trial court denied appellant's petition to intervene, finding her claim was barred by the doctrine of *res judicata*. The issue presented in this case is whether the dismissal of appellant's untimely filed suit for damages acts to bar, on *res judicata* grounds, her intervention in the employer's timely filed case. We hold it does not and, for the following reasons, the judgment of the circuit court is reversed, and the cause remanded.

¶ 2                                    BACKGROUND

¶ 3     Appellant, Teresa, was injured on August 17, 2012, at a Blue Cross and Blue Shield building in Chicago while she was employed by plaintiff, A&R Janitorial. Blue Cross and Blue Shield had hired A&R Janitorial to perform custodial services, and appellant was one of plaintiff's employees. Blue Cross and Blue Shield was performing renovations to that building and contracted Pepper Construction Co. to replace carpeting, among other work. Pepper Construction Co. subcontracted the task of replacing carpets to Perez & Associates. While appellant was cleaning, she was injured when a desk fell on her. The desk had been moved by Perez & Associates in the course of replacing the carpets.

¶ 4     Appellant filed a workers' compensation claim against plaintiff and was awarded relief. That claim is currently under appeal. To date plaintiff has paid appellant over $342,000 in workers' compensation benefits. The Act also allows an employer to seek indemnification from a third-party who may be a cause of the injury for the sums it is required to pay its

employee. The Act allows an injured employee whose injuries are covered under the Act to also file a claim against a third party for common law damages, and the employer is entitled to a portion of those damages recovered by the employee equal to the amount paid by the employer to the employee for that claim:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act." *Id.*

The employer is entitled to a portion of those damages equal to the amount paid by the employer to the employee for that claim. *Id*. ("from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee").

¶ 5    A party in Illinois may commence a personal injury action "within 2 years next after the cause of action accrued." 735 ILCS 5/13-202 (West 2016). As of May 17, 2014, appellant failed to file a claim against defendants. If the employee fails to file a claim three months prior to the expiration of the statute of limitations, the Act allows an employer to step into the employee's shoes to file a claim for indemnification for the payments it is liable for under the Act and a claim for the employee's common law damages. The Act provides that if an

> "employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability." 820 ILCS 305/5(b) (West 2016).

Plaintiff, as subrogee of appellant's claim, timely filed its complaint against all of the named defendants on August 14, 2014. In November 2014, Blue Cross and Blue Shield Association was voluntarily dismissed from plaintiff's subrogation action. In December 2014, Pepper Construction Group, LLC, and CBRE, Inc. were also voluntarily dismissed from the subrogation action. This left Pepper Construction Co., Perez & Associates, Inc., and Perez Carpet as the only remaining defendants (collectively, defendants).

¶ 6    On June 15, 2015, more than two years after her injury, appellant filed her own personal injury action against Pepper Construction Co., Perez & Associates, Inc., Interface America, Inc., and Blue Cross and Blue Shield Association. Appellant claimed her injuries resulted from the construction of an improvement to real property, which would be subject to a four year statute of limitations period. See 735 ILCS 5/13-214(a) (West 2016) ("Actions based upon tort *** against any person for an act or omission of such person in the *** construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission."). The trial court dismissed appellant's claim without prejudice on December 18,

- 3 -

2015. Appellant subsequently filed her first amended complaint on April 28, 2016. On September 12, 2016, the court dismissed this claim with prejudice for failure to file within the statute of limitations, finding appellant's injury was not the result of construction work and therefore subject to a two year statute of limitations. The court entered a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its decision to dismiss appellant's claim. No appeal was taken from this dismissal.

¶ 7     On November 10, 2016, appellant filed a petition to intervene in this case brought by her employer. In her petition, appellant claims she would not be adequately represented by plaintiff. Appellant's ability to intervene in the present case turns on the Code of Civil Procedure's requirements for intervention as of right and permissive intervention:

> "Upon timely application anyone shall be permitted as of right to intervene in an action: *** when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action ***." 735 ILCS 5/2-408(a) (West 2016).

> "Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." 735 ILCS 5/2-408(b) (West 2016).

Here appellant sought to intervene as of right, claiming she was not being adequately represented because plaintiff was only pursuing enough damages for indemnification and not the maximum amount recoverable for her injuries. Appellant attached a proposed amended complaint for plaintiff's subrogation suit with additional counts seeking damages for her pain and suffering in addition to plaintiff's indemnification.

¶ 8     In plaintiff's response to appellant's petition to intervene, plaintiff argued appellant's workers' compensation claim is not fully resolved and that if appellant is found totally disabled, then plaintiff could owe appellant for the rest of her lifetime. Plaintiff's contention was that because of this increased risk it faced, it has every incentive to seek the maximum amount of damages. If plaintiff did not seek the maximum amount of damages then it risked not being fully indemnified. Defendants replied to appellant's petition, arguing claim preclusion based on her suit against them for the same cause of action being dismissed on the merits for failure to file within the statute of limitations.

¶ 9     On December 20, 2016, the trial court heard arguments on appellant's petition to intervene and to file an amended complaint. At the hearing, appellant claimed *res judicata* should not bar her intervention here because a dismissal for failure to file within the statute of limitations should not constitute a judgment on the merits for purposes of *res judicata*. Pepper Construction Co. argued claim preclusion did bar her claim, relying primarily on *Sankey Brothers, Inc. v. Guilliams*, 152 Ill. App. 3d 393 (1987). The court denied appellant's petition to intervene, finding *Sankey Brothers, Inc.*, supported applying *res judicata* to bar appellant's claim. The court issued an order on January 31, 2017, under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), that its December 20, 2016, order was final and appealable, and allowed the case between plaintiff and defendants to continue. Appellant timely filed her appeal of the trial court's denial of her petition to intervene.

¶ 10    Plaintiff then sought to amend its complaint to pursue recovery of damages for appellant's pain and suffering, and loss of enjoyment of life. On July 26, 2017, the trial court ruled plaintiff

could pursue those noneconomic damages. Appellant then sought to have plaintiff's counsel disqualified for a conflict of interest, under a theory that plaintiff's counsel could not simultaneously represent plaintiff against appellant in a workers' compensation claim while also representing plaintiff seeking appellant's non-economic damages against defendants. A hearing on the motion was held on August 4, 2017. At the hearing, plaintiff's counsel argued there was no conflict of interest, stating: "I don't represent Teresa ***. I never represented her." The court found "he does not represent [appellant]. He can only present evidence of damages that would satisfy his lien and if there was any excess it would go over to [appellant]." The court denied appellant's motion to disqualify plaintiff's counsel based on its finding plaintiff's counsel only represented plaintiff and not appellant.

¶ 11    While this case was pending on appeal, plaintiff and defendant reached a settlement agreement where defendants agreed to pay plaintiff $850,000. On September 22, 2017, the trial court entered an order dismissing with prejudice plaintiff's subrogation case against defendants because the controversy between the parties had been resolved, subject to the outcome of this appeal. Plaintiff appeals from the order denying her petition to intervene.

¶ 12                                          ANALYSIS

¶ 13    The issue in this appeal is whether the trial court abused its discretion by denying appellant's petition to intervene. Defendants argue application of *res judicata* bars appellant's intervention in this case, while appellant maintains the doctrine of *res judicata* does not bar intervention. Appellant claims she has a right to intervene in this case because her interests are not adequately represented by plaintiff.

¶ 14    As a preliminary matter, we note appellant attached to her reply brief a copy of her motion to remove plaintiff's counsel, the transcript of the hearing on that motion, and the trial court's order denying the motion. Defendants have filed a motion to strike appellant's exhibits or, in the alternative, to consider those exhibits along with exhibits defendants attached to their motion. We denied defendants' motion to strike appellant's attachments and ordered that defendants' additional attachments will be considered. Defendants attached to their motion a copy of the trial court's order dismissing this case with prejudice and a copy of the settlement agreement entered between plaintiff and defendants. Ordinarily attachments and exhibits to briefs are not the proper means of supplementing the record. See *People v. Garvin*, 2013 IL App (1st) 113095, ¶ 23. Here, defendants have not argued against the accuracy of appellant's exhibits. In appellant's response to defendants' motion to strike appellant's attachments, appellant argued both her exhibits and defendants' exhibits should be considered. She also did not contest the accuracy of defendants' exhibits.

> "In an instance such as this no sound reason exists to deny judicial notice of public documents which are included in the records of other courts and administrative tribunals. (McCormick, Evidence sec. 330, at 766 (2d ed. 1972).) Such documents fall within the category of readily verifiable facts which are capable of 'instant and unquestionable demonstration.' [Citation.]" *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976).

Therefore, we will take judicial notice of defendants' exhibits attached to their motion as well as appellant's exhibits.

Standard of Review

¶ 16 The decision to allow appellant to intervene is at the sound discretion of the trial court and we review the decision for an abuse of discretion. *Sankey Brothers, Inc.*, 152 Ill. App. 3d at 397. "The decision to allow or deny intervention, whether permissive or as of right, is a matter of sound judicial discretion that will not be reversed absent an abuse of that discretion." *Argonaut Insurance Co. v. Safway Steel Products, Inc.*, 355 Ill. App. 3d 1, 7 (2004). A trial court abuses its discretion when "no reasonable person would take the view adopted by the trial court." *Id.* "If a trial court's decision rests on an error of law, then it is clear that an abuse of discretion has occurred, as it is always an abuse of discretion to base a decision on an incorrect view of the law." *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 46.

¶ 17 Here the trial court's interpretation of the doctrine of *res judicata* was the basis for its ruling denying appellant's petition. Application of *res judicata* concerns a question of law that we review *de novo*. *Lelis v. Board of Trustees of the Cicero Police Pension Fund*, 2013 IL App (1st) 121985, ¶ 13. Therefore, we review *de novo* the trial court's application of *res judicata* as a bar to appellant's intervention, while we review for abuse of discretion the trial court's overall judgment to deny appellant's petition to intervene.

¶ 18 *Res Judicata* and Intervention

¶ 19 The doctrine of *res judicata*, also known as claim preclusion, is an equitable doctrine that prevents a party from filing the same claim against the same party after a prior adjudication on the merits. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335 (1996) ("For the doctrine of *res judicata* to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies."). In the present case, appellant filed a claim against defendants in June 2015, over two years after her August 17, 2012, injury. The court dismissed appellant's case with prejudice for failure to file her claim within the statute of limitations, and appellant did not appeal.

¶ 20 Appellant subsequently sought to intervene in plaintiff's subrogation suit against defendants, based on the same cause of action (the August 17, 2012, workplace injury). The trial court found appellant already filed a claim over the same cause of action against defendants and the matter was adjudicated with a final judgment on the merits. The trial court denied appellant's petition for intervention based on a finding that application of the doctrine of *res judicata* barred appellant's intervention in her employer's subrogation suit. In reaching this ruling, the trial court relied heavily on *Sankey Brothers, Inc.*, 152 Ill. App. 3d 393. *Sankey Brothers, Inc.*, is instructive. However, *Sankey* does not control the outcome here because it is factually distinguishable.

¶ 21 In *Sankey*, the petitioner-intervenor, Osborne, was employed performing road work when he was hit by a truck. *Id.* at 394. Osborne was employed by a subcontractor hired by the general contractor, Sankey Brothers, Inc. Osborne filed a workers' compensation claim against his employer-subcontractor for the injury, which occurred on October 20, 1981. On October 14, 1983, Sankey filed its own suit against the truck driver and the corporation that owned the truck because the employee had not filed his own suit against the defendants within three months from the expiration of the statute of limitations. Unlike this case, in *Sankey*, the employer filed a complaint as its insurance company's subrogee seeking *only* indemnification

for workers' compensation benefits it had to pay to Osborne. *Id.* at 395. On October 19, 1983, Osborne filed a suit, intending to sue the corporation that owned the truck, but he named the incorrect party. *Id.* at 394. On December 20, 1983, an Industrial Commission arbitrator entered on order finding Osborne completely disabled and ordered his employer subcontractor to pay him an amount per week for life. That decision was under appeal pending the *Sankey* court's decision. *Id.* Osborne filed an amended complaint in September 1984 which named the correct corporation as defendant, but that action was dismissed in July 1985 because the defendant was not served with process within the relevant statute of limitations. *Id.* Osborne did not appeal. *Id.* at 394-95. In October 1985, Osborne filed a petition for leave to intervene in Sankey's suit to assert his rights under section 5(b) of the Act. *Id.* at 395. The trial court denied his petition and Osborne appealed, asserting he was a necessary party to the suit.

¶ 22 The appellate court affirmed, but not simply because Osborne had his individual suit dismissed and *res judicata* barred subsequent suit on his part. The issue was whether Osborne had an interest in his employer's subrogation suit. Thus, the court held that it must review the petition for intervention under the provisions for intervention in the Code of Civil Procedure: "The lack of any specific guidance in the Workers' Compensation Act or in the case law interpreting it, with respect to intervention under the facts of the present case, renders applicable the provisions of the Code of Civil Procedure relating to intervention." *Id.* at 397. The court held "Osborne was barred by both the applicable statute of limitation and the doctrine of *res judicata* from maintaining a personal injury action against defendants at the time that he sought to intervene in this case." *Id.* at 398. The court determined that Osborne did not have an interest in the suit because he had "no absolute right to intervene" by statute and because Osborne's tort claims would be "barred by the doctrine of *res judicata* and the relevant statute of limitation." *Id.* at 399. The primary concern of the court was the propriety of exposing the third party to the worker's common law injury claims, which were time-barred.

¶ 23 In this case, however, appellant's employer timely filed its suit seeking more than simply indemnification; the employer also sought damages for appellant's pain and suffering. In contrast to *Sankey,* where the statute of limitations for the employee's damages for pain and suffering had expired, in this case the employer timely filed a complaint seeking damages for pain and suffering. Therefore, appellant has an interest in this lawsuit. 820 ILCS 305/5(b) (West 2016) ("the employer shall pay over to the injured employee *** all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act"); see also *Bernardini v. Home & Automobile Insurance Co.*, 64 Ill. App. 2d 465, 467 (1965) ("in Illinois causes of action for personal torts are not assignable. *** Subrogation operates only to secure contribution and indemnity whereas an assignment transfers the whole claim. *** The subrogation does not deprive the insured of a recovery for pain and suffering ***."). Appellant's action was not assigned to plaintiff; plaintiff simply filed a subrogation suit and appellant is entitled to any damages exceeding indemnification. Further, plaintiff was not a party to appellant's untimely filed action. Because plaintiff was not a party to that action, *res judicata* cannot bar its claim here. See *Rein*, 172 Ill. 2d at 334-35 (for *res judicata* to apply to an action, there must be an identity of parties). Certainly if plaintiff had been named a party to that action, it would have asserted that it had a timely filed complaint for damages as subrogee that was already pending. We conclude appellant had an interest in this case, unlike the employee in *Sankey*. *Sankey Brothers Inc.*, 152 Ill. App. 3d at 399; see also

*Bernardini*, 64 Ill. App. 2d at 467. Therefore, *Sankey* does not control the outcome of this case, and we find *res judicata* does not bar appellant's intervention.

¶ 24        Whether appellant may intervene turns on the intervention provisions of the Code of Civil Procedure. While the Act makes an explicit provision for an employer to intervene in an employee's suit, the Act is silent as to the ability of the employee to intervene once the employer has filed a subrogation suit. Therefore, we conclude we must look to the Code of Civil Procedure to determine whether intervention is warranted. The legislature implemented the Act

> "against the background of an existing legislative scheme that included section 1-108(b) of the Code of Civil Procedure [citation]. That statute expressly provides that where proceedings are governed by some other statute, the other statute controls to the extent it regulates procedure, but that article II of the Code, also known as the Civil Practice Law [citation], applies to matters of procedure not regulated by the other statute." *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 494 (2008).

The Act does not confer a statutory right to intervene upon an employee if the employer has filed against the third party as subrogee of the employee after the employee has failed to file suit within the three month window prior to the expiration of the statute of limitations. See 820 ILCS 305/5(b) (West 2016). Given that the legislature failed to provide specific procedures for intervention in an employer's subrogation suit, section 2-408 of the Code of Civil Procedure governs whether an employee can intervene in an employer's subrogation suit. See *Madison Two Associates*, 227 Ill. 2d at 494-95 ("In light of this law, we must presume that when the General Assembly enacted the tax objection provisions of the Property Tax Code without including a particular provision addressed to intervention in circuit court, it intended the matter to be governed by the intervention provisions set forth in article II of the Code of Civil Procedure."). Section 2-408 establishes the requirements for intervention by right and permissive intervention:

> "Upon timely application anyone shall be permitted as of right to intervene in an action: *** when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action ***." 735 ILCS 5/2-408(a) (West 2016).

> "Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." 735 ILCS 5/2-408(b) (West 2016).

¶ 25        Defendants argue that *DeLuna v. Treister*, 185 Ill. 2d 565 (1999), controls the issue of whether appellant may intervene in the present suit. In *DeLuna*, the administrator of an estate filed a medical malpractice claim against the defendant doctor and hospital. *Id.* at 568. The defendant moved for summary judgment, and the plaintiff failed to attach an affidavit as required by section 2-622 of the Code of Civil Procedure. *Id.* at 569; see also 735 ILCS 5/2-622 (West 2016). The trial court dismissed the plaintiff's case with prejudice, and the dismissal was upheld by our supreme court. *DeLuna*, 185 Ill. 2d at 569-70. After this dismissal, a new administrator to the estate refiled the medical malpractice claim against the hospital and doctor. The defendants both moved to dismiss this new claim, arguing that application of the doctrine of *res judicata* barred the newly filed claim. The issue before our supreme court was whether the dismissal for failure to comply with section 2-622 served as a dismissal on the

merits. *Id.* at 574. However, the issue of whether a party barred from filing its own claim could intervene in a previously timely filed subrogation suit was not before the *DeLuna* court. The issue before us here does not concern whether the earlier dismissal for failure to file within the statute of limitations was a dismissal on the merits, but whether the trial court abused its discretion in denying plaintiff's petition to intervene. Therefore, *DeLuna* does not control the outcome of this case.

¶ 26 Here appellant maintains she has a right to intervene in plaintiff's subrogation suit against defendants, relying on *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273 (1954), and *Echales v. Krasny*, 12 Ill. App. 2d 530 (1957). We find both cases inapposite. Both cases involved versions of the Act found unconstitutional under Illinois's prior constitution. Neither case involved a petitioner who initially filed a claim past the statute of limitations, had that claim dismissed, failed to seek appeal, and then attempted to intervene in a timely filed subrogation suit.

¶ 27 In *Geneva Construction Co.*, an employee of Geneva Construction Co. was injured in the course of his employment and was awarded compensation under the "Workmen's Compensation Act." *Geneva Construction Co.*, 4 Ill. 2d at 275; Ill. Rev. Stat. 1947, ch. 48, ¶ 166. Geneva Construction Co. then sued the defendant third-party tortfeasor to recover the compensation it paid to the employee. While the suit was pending, the provision of the Workmen's Compensation Act that Geneva Construction Co. brought suit under was declared unconstitutional by the Illinois Supreme Court in a separate case. See *Grasse v. Dealer's Transport Co.*, 412 Ill. 179 (1952). Then, the employee filed a petition for leave to intervene, which the trial court allowed. *Geneva Construction Co.*, 4 Ill. 2d at 276.

¶ 28 *Geneva Construction Co.* does not stand for the principle that an employee has a right to intervene in her employer's subrogation suit. The court addressed two issues: (1) Whether an employer could recover from a third-party tortfeasor compensation the employer paid an injured employee even when the provision of the Act the employer sued under was declared unconstitutional (*id.* ("In determining the propriety of the judgment of the Appellate Court we shall consider first whether plaintiff Geneva Construction Company could properly recover from defendant Martin Transfer and Storage Company the amount of workmen's compensation paid an employee as a result of defendant's negligence.")) and 2) Whether an amended complaint filed by an employee-intervenor outside the statute of limitations related back to a timely filed subrogation suit of the employer. *Id.* at 286 ("We turn, then, to the second question—whether the claim of plaintiff [employee], which was first asserted by an amendment to the complaint *** is barred by the Statute of Limitations."). The *Geneva* court concluded that the amended complaint related back to the employer's timely filed complaint, consistent with the Civil Practice Act. *Id.* at 289. Whether the employee had a right to intervene was not before the *Geneva* court. The trial court in *Geneva* had already exercised its discretion to allow the employee to join in the suit. Our supreme court was not reviewing that exercise of discretion; instead, it reviewed whether the amended complaint the petitioner-intervenor filed related back to his employer's timely filed subrogation suit.

¶ 29 Appellant's reliance on *Echales* is similarly misplaced. In *Echales*, an employee died from injuries sustained in the course of employment. In September 1950, the employer brought suit under the Workmen's Compensation Act against the third-party tortfeasors to recover compensation paid by him to the widow and minor children of his employee. *Echales*, Ill. App. 2d at 531. In 1952 the section of the Workmen's Compensation Act the plaintiff sued under

was declared unconstitutional by our supreme court in *Grasse*, while the *Echales* litigation was pending. In 1955 the plaintiff-employer filed a motion to allow the administratrix of the employee's estate to intervene as an additional party plaintiff and to amend the original complaint. That motion was denied and the cause dismissed. *Id.* Just as in the *Geneva* case, the motion to intervene and amend the complaint in *Echales* was dismissed because the one-year statute of limitations for wrongful death had run. *Id.* at 534-35. The intervenor in *Echales* never filed a separate action that was dismissed prior to petitioning to intervene in the employer's suit. *Echales* itself noted the factual parallel between that case and the *Geneva* case.

> "We think the *Geneva* case is parallel factually with the instant case and is decisive of the right of plaintiffs to amend their complaint and for the administratrix to intervene. In the *Geneva* case the suit, as here, was brought under Section 29 of the Workmen's Compensation Act by the employer. After the decision in the *Grasse* case holding the first paragraph of Section 29 of the Workmen's Compensation Act unconstitutional, the plaintiff in the *Geneva* case sought leave to have the injured employee intervene against the thirdparty tort feasor, the injury having occurred more than four years before the employee sought to intervene. The motion to intervene was opposed on the ground that the Statute of Limitations under the Injuries Act had run, and the employee's right was therefore barred." *Id.* at 534.

The issue before the *Echales* court was whether application of the statute of limitations barred intervention and amendment of a timely filed complaint. The *Echales* court concluded that "justice requires that in the instant case the parties be permitted to amend their pleadings and the administratrix allowed to intervene, and it was error for the court to deny plaintiffs leave to file their tendered amended complaint." *Id.* at 535. The *Echales* court did not create an absolute right of intervention for an injured employee. Moreover, the present case is factually distinguishable. Here the issue is not the relation back of an amendment to a timely filed complaint, but whether appellant meets the statutory conditions for intervention.

¶ 30    Under the Code of Civil Procedure, the party seeking intervention

> "shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file. In cases in which the allowance of intervention is discretionary, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." 735 ILCS 5/2-408(e) (West 2016).

In ruling on a petition to intervene as of right, the "trial court's discretion is limited to determining timeliness, inadequacy of representation and sufficiency of interest; once these threshold requirements have been met, the plain meaning of the statute directs that the petition be granted." *City of Chicago v. John Hancock Mutual Life Insurance Co.*, 127 Ill. App. 3d 140, 144 (1984). We thus turn to the trial court's exercise of its discretion to deny appellant's petition to intervene. See *In re Restoration of Civil Rights & Issuance of a Firearm Owner's Identification Card to Bailey*, 2016 IL App (5th) 140586, ¶ 21 ("[W]hen a party petitions for intervention as of right, section 2-408(a)(2) limits the court's analysis to a determination of the timeliness of the application, whether there has been inadequacy of representation, and the sufficiency of the applicant's position in the proceedings. [Citations.] If these threshold requirements are met, then, under the plain meaning of the statute, the petition to intervene shall be granted.").

¶ 32        A party has a right to intervene upon a showing that "representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." 735 ILCS 5/2-408(a) (West 2016). When the court dismissed appellant's petition to intervene, the court failed to determine whether appellant timely filed her petition, whether appellant's interests are being adequately represented by plaintiff, or whether appellant will be bound by the judgment. Appellant contends plaintiff cannot adequately represent her interests based on her argument that plaintiff has an incentive to settle for an amount less than or equal to what plaintiff paid to appellant in the workers' compensation claim. On appeal, plaintiff claims it will adequately represent appellant's interests because plaintiff may not be fully indemnified if it does not pursue maximum damages. Conversely, at a hearing on appellant's motion to disqualify plaintiff's counsel, appellant claimed plaintiff's counsel had a conflict of interest because counsel represents plaintiff in the appeal of the workers' compensation claim and not her interest. Plaintiff's counsel refuted this claim by stating in open court that he did not represent appellant, had never represented appellant, and only represented plaintiff in this case. This statement is incongruent with plaintiff's assertion that it has every incentive to pursue maximum damages. The trial court failed to make a finding as to whether appellant's interests are adequately protected by plaintiff.

¶ 33        The trial court abused its discretion because the court did not apply the applicable law—the intervention provisions of the Code of Civil Procedure. *Sankey Brothers, Inc.*, 152 Ill. App. 3d at 397; 735 ILCS 5/2-408 (West 2016). Application of the wrong legal standard is an abuse of discretion. *North Spaulding Condominium Ass'n*, 2017 IL App (1st) 160870, ¶ 46 ("If a trial court's decision rests on an error of law, then it is clear that an abuse of discretion has occurred, as it is always an abuse of discretion to base a decision on an incorrect view of the law."). Therefore, we reverse the trial court's ruling and remand for further proceedings consistent with this opinion. See *Madison Two Associates*, 227 Ill. 2d at 496 ("Because the circuit court ruled as a matter of law and did not reach the question of whether the requirements for intervention under section 2-408 of the Code of Civil Procedure [citation] would otherwise have been satisfied under the particular facts of these cases, the appellate court also acted properly when it remanded the causes to the circuit court for a hearing on the intervention petitions.").

¶ 34        We note plaintiff argued on appeal that if appellant was permitted to intervene, she should nonetheless not be allowed to control the litigation. In cases where a court exercises its discretion to grant a party's petition to intervene,

> "[a]n intervenor shall have all the rights of an original party, except that the court may in its order allowing intervention, whether discretionary or a matter of right, provide that the applicant shall be bound by orders or judgments, theretofore entered or by evidence theretofore received, that the applicant shall not raise issues which might more properly have been raised at an earlier stage of the proceeding, that the applicant shall not raise new issues or add new parties, or that in other respects the applicant shall not interfere with the control of the litigation, as justice and the avoidance of undue delay may require." 735 ILCS 5/2-408(f) (West 2016).

Thus, if on remand the trial court determines the factors for intervention are met under the Code of Civil Procedure, the trial court has discretion to limit how the intervenor may

participate in the litigation.

¶ 35                                CONCLUSION

¶ 36        For the foregoing reasons, the order of the circuit court of Cook County denying appellant's petition to intervene is reversed. Consequently, the circuit court's order dismissing the matter with prejudice is also reversed, and this cause is remanded for further proceedings consistent with this opinion.

¶ 37        Reversed and remanded.