# Illinois Official Reports

## Supreme Court

---

### *A&R Janitorial v. Pepper Construction Co.*, 2018 IL 123220

---

| | |
|---|---|
| Caption in Supreme Court: | A&R JANITORIAL, Appellee, v. PEPPER CONSTRUCTION COMPANY *et al.* (Pepper Construction Company, Appellant; Teresa Mroczko, Appellee). |
| Docket No. | 123220 |
| Filed | November 29, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. William E. Gomolinski, Judge, presiding. |
| Judgment | Appellate court judgment reversed. Circuit court judgment affirmed. |
| Counsel on Appeal | Julie A. Teuscher, Thomas P. Boylan, and Michael P. Moothart, of Cassiday Schade LLP, of Chicago, for appellant. |
| | Douglas B. Keane and Gregory G. Vacala, of Rusin & Maciorowski, Ltd., of Chicago, for appellee. |
| | Elliot R. Schiff, of Schiff Gorman, LLC, of Chicago, for intervenor-appellee. |

Justices

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Theis, and Neville concurred in the judgment and opinion.

## OPINION

¶ 1     Teresa Mroczko was injured at work due to the alleged negligence of third parties. She filed a successful claim for workers' compensation benefits but failed to file a timely personal injury action against the third-party tortfeasors. Therefore, Mroczko's employer, A&R Janitorial (A&R), exercised its right under the Workers' Compensation Act to file a complaint in subrogation in the circuit court of Cook County. See 820 ILCS 305/5(b) (West 2014). Mroczko later filed her own personal injury action against the same defendants, but the circuit court dismissed the action as untimely. Mroczko then filed a petition to intervene in A&R's subrogation action. The Cook County circuit court denied that petition on *res judicata* grounds. The appellate court reversed and remanded, holding *res judicata* did not apply. 2017 IL App (1st) 170385. For reasons that follow, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

¶ 2                                    BACKGROUND

¶ 3     On August 17, 2012, Mroczko was employed by A&R as a custodian at a high-rise office building at 300 East Randolph Street in Chicago. At that time, Pepper Construction Company (Pepper) had been hired by the owner of the building to perform maintenance work at the premises. Pepper had hired a subcontractor, Perez & Associates, Inc. (Perez), to replace the carpets on certain floors of the building. While Mroczko was performing her cleaning duties, a desk that had been placed in an upright position fell and injured her. Following the accident, Mroczko filed a workers' compensation claim against A&R and was awarded relief.

¶ 4     Mroczko failed to file a timely personal injury action in the circuit court. Accordingly, on August 11, 2014, A&R filed a complaint in subrogation pursuant to section 5(b) of the Workers' Compensation Act. 820 ILCS 305/5(b) (West 2014). This provision permits an employee to file her own personal injury action against a third-party tortfeasor in order to recover damages for a work injury. *Id.* The employer is entitled to reimbursement of its workers' compensation benefits out of the proceeds of any settlement or judgment obtained by the employee. *Id.* In addition, the employer has a limited right to intervene in the employee's action in order to protect its workers' compensation lien in all court orders entered after hearing and judgment. *Id.* In the event that the employee fails to file her own action prior to three months before the expiration of the limitations period, the statute allows the employer to file the same action that the employee could have filed. *Id.* Any proceeds obtained by the employer in excess of the amount of workers' compensation benefits owed, plus reasonable expenses, attorney fees, and costs, must be turned over to the employee. *Id.* Relevant to this appeal, the statute is silent with respect to whether an employee has the right to intervene in an action filed by her employer. *Id.*

¶ 5    A&R filed its complaint pursuant to section 5(b) against Pepper, Perez, and several other defendants.[1] A&R alleged that defendants' negligent acts and/or omissions caused Mroczko's injuries and, thus, caused A&R to be liable for worker's compensation benefits. A&R requested judgment in its favor in an amount sufficient to cover its losses and damages, plus reasonable costs.

¶ 6    On June 11, 2015, while A&R's litigation was pending, Mroczko filed her own personal injury action against Pepper, Perez, and two additional defendants, one of whom was also named in the subrogation action. Upon Pepper's motion, the circuit court consolidated the two actions for purposes of discovery only. Perez filed a motion to dismiss Mroczko's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)), alleging that the action was barred by the two-year statute of limitations for personal injury actions. See *id.* § 13-202. Pepper joined Perez's motion by leave of court. The circuit court granted the motion and dismissed Mroczko's complaint without prejudice. Mroczko then filed an amended complaint alleging only one count against Pepper. She alleged that her injuries arose out of Pepper's construction of improvements to the building and, thus, that her action was timely under the four-year construction statute of limitations. See *id.* § 13-214(a). Pepper moved to dismiss the amended complaint as untimely, pursuant to section 2-619 of the Code of Civil Procedure (*id.* § 2-619). Pepper argued that the construction statute of limitations was inapplicable because the law considers carpet replacement to be ordinary maintenance, not construction or an improvement to real property.

¶ 7    On September 12, 2016, the circuit court entered an order dismissing with prejudice Mroczko's first amended complaint. The court entered a written finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its decision. No appeal was taken from the order of dismissal.

¶ 8    On November 10, 2016, Mroczko, with the assistance of new counsel, filed a petition seeking leave to intervene in A&R's subrogation action and to amend A&R's complaint in order to seek additional damages for her injuries. Mroczko's petition failed to set forth any statutory grounds in support of her right to intervene in her employer's lawsuit.

¶ 9    Pepper filed a brief in opposition, arguing that Mroczko's petition to intervene was barred by the applicable statute of limitations and the doctrine of *res judicata*, pursuant to *Sankey Brothers, Inc. v. Guilliams*, 152 Ill. App. 3d 393 (1987). A&R also filed a response to the petition, in which it took no position as to the merits of Mroczko's right to intervene in the subrogation action. It asserted, however, that A&R should maintain control of the action in the event the court allowed the petition.

¶ 10   The circuit court agreed with Pepper that *Sankey Brothers, Inc.* was almost directly on point. The court held that *res judicata* barred Mroczko's intervention because her personal injury complaint raised the same cause of action against Pepper and the order dismissing her original action as untimely constituted a final judgment on the merits. On December 20, 2016, the court entered an order denying the petition to intervene and to file an amended complaint at law. On January 31, 2017, the court entered a Rule 304(a) finding.

---

[1]Several defendants initially named in A&R's complaint were subsequently dismissed from the litigation, leaving only Pepper and Perez.

¶ 11    Mroczko filed a timely appeal on February 4, 2017. In the appellate court, Mroczko argued (1) her right to intervene in her employer's action was supported by *Echales v. Krasny*, 12 Ill. App. 2d 530 (1957), and *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273 (1954), and (2) *res judicata* was inequitable as applied to her because the dismissal of her untimely filed lawsuit was not a final judgment on the merits.

¶ 12    The appellate court reversed the circuit court's judgment and remanded for further proceedings. 2017 IL App (1st) 170385, ¶¶ 36-37. The court first held that *res judicata* did not bar Mroczko's intervention because she had an "interest" in her employer's subrogation action. The court further held *res judicata* did not apply because there was no identity of parties between the two actions. Next, the court held that, since section 5(b) of the Workers' Compensation Act was silent with respect to an employee's right to intervene in her employer's action, section 2-408 of the Code of Civil Procedure (735 ILCS 5/2-408 (West 2014)) governed Mroczko's petition. The court held that the circuit court abused its discretion in failing to determine whether the petition satisfied the requirements for intervention as of right in section 2-408(a), *i.e.*, whether the petition was timely, whether Mroczko's interests were adequately represented by the existing parties, and whether Mroczko would be bound by the judgment. 2017 IL App (1st) 170385, ¶¶ 30-33; see 735 ILCS 5/2-408(a) (West 2014). Accordingly, the court reversed the order denying the petition and remanded the case to the circuit court to determine whether the statutory factors for intervention were established. 2017 IL App (1st) 170385, ¶¶ 33, 36.

¶ 13    This court allowed Pepper's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Nov. 1, 2017).

¶ 14                                                    ANALYSIS

¶ 15    The order subject to review in this appeal is the circuit court's December 20, 2016, order denying Mroczko's petition to intervene. The court's sole basis for denying the petition was that *res judicata* barred Mroczko from intervening in her employer's subrogation action after her personal injury complaint was dismissed with prejudice. A trial court's decision whether to allow intervention will not be reversed on appeal unless the court abused its discretion. *In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992*, 181 Ill. 2d 237, 247 (1998). It is always an abuse of discretion for a trial court to base a decision on an incorrect view of the law. *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 46. Thus, if we find that the circuit court erred in applying *res judicata*, we must also find that the court abused its discretion in denying the petition on that basis.

¶ 16    "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). *Res judicata* bars not only what was actually decided in the first action but also those matters that could have been decided. *Id.* at 334-35. The underlying policies of the doctrine are to promote judicial economy and to protect defendants from the burden of having to relitigate essentially the same claim. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 21 (citing *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 45). For *res judicata* to apply, three requirements must be met: (1) a final judgment on the

- 4 -

merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies. *Id.* Whether *res judicata* applies is a question of law subject to *de novo* review. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 43.

¶ 17    Whether the first requirement for *res judicata* is met depends on whether the circuit court's September 12, 2016, order, dismissing with prejudice Mroczko's first amended complaint against Pepper, was a final judgment on the merits. A judgment or order is considered "final" when it terminates the litigation and fixes absolutely the parties' rights, leaving only enforcement of the judgment. *Richter*, 2016 IL 119518, ¶ 24. There is no question that an order dismissing a complaint with prejudice is a final, appealable order. See *id.* ¶ 36; *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 588 (2003). Furthermore, it is well settled that an involuntary dismissal of an action based on the applicable statute of limitations is deemed to be a judgment "on the merits" for purposes of *res judicata*. *DeLuna v. Treister*, 185 Ill. 2d 565, 573-74 (1999); *Rein*, 172 Ill. 2d at 335-36; *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 74-75 (1994). Accordingly, the circuit court's order dismissing Mroczko's personal injury action with prejudice on grounds that it was filed past the applicable limitations period was a final judgment on the merits.

¶ 18    The second requirement for applying *res judicata* is an identity of cause of action. Under the transactional test used by Illinois courts, separate claims are considered the same cause of action if they "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). The prior claim is the one alleged in Mroczko's previously dismissed personal injury action. The subsequent claim is Mroczko's petition to intervene in A&R's subrogation action, which is a "claim" for purposes of *res judicata* because she is seeking to intervene as a party to that action. Specifically, she is seeking to control the litigation and to amend A&R's complaint in order to allege additional damages against defendants. See 735 ILCS 5/2-408(f) (West 2014) ("[a]n intervenor shall have all the rights of an original party"). Both of these claims arose from the same group of operative facts—alleged negligence by defendants that caused Mroczko's workplace injury on August 17, 2012. Therefore, the second *res judicata* element, an identity of cause of action, has been established.

¶ 19    The third requirement for *res judicata*, an identity of parties or their privies, is also present in this case. For *res judicata* purposes, the parties need not be identical to be considered the same. *Langone v. Schad, Diamond & Shedden, P.C.*, 406 Ill. App. 3d 820, 832 (2010). The fact that Mroczko was the party seeking to sue Pepper for her injuries in both her personal injury action and her petition for intervention satisfies the identity of parties element.

¶ 20    Despite the fact that all three *res judicata* requirements were clearly present, the appellate court held the doctrine did not bar Mroczko's petition because she had an "interest" in her employer's action, in contrast to the employee in *Sankey Brothers, Inc.*, 152 Ill. App. 3d 383. The employee in that case, William Osborne, was performing road construction and repair work when he was struck and injured by a truck owned by a third-party corporation. Osborne filed suit against the truck's owner, but the suit was dismissed on grounds that the defendant was not served with process within the relevant limitations period. *Id.* at 394. In the meantime, Osborne's employer had filed a timely action pursuant to section 5(b) of the Workers' Compensation Act against the driver and owner of the truck. Osborne sought to intervene in his employer's action. The circuit court denied the petition to intervene, and the appellate court

affirmed. *Id.* at 395, 399. The court held, in part, that Osborne's petition to intervene was barred by *res judicata* because the dismissal of his original suit for failure to comply with the statute of limitations constituted a judgment on the merits. *Id.* at 398. The court stated, "Osborne had full opportunity to present in the [personal injury] action all of his claims pertaining to defendants' negligence; that he was unable to do so is attributable to the failure of Osborne (or of the attorney who represented him in that action) to timely serve [defendant] with process." *Id.*

¶ 21    The appellate court attempted to distinguish *Sankey Brothers, Inc.*, by pointing out that, in that case, the employer sought only indemnification for workers' compensation benefits owed to its employee. 2017 IL App (1st) 170385, ¶ 21 (citing *Sankey Brothers, Inc.*, 152 Ill. App. 3d at 395). Unlike Osborne, the court held, Mroczko had an interest in her employer's lawsuit based on the fact that A&R had recently amended its subrogation complaint to seek additional damages for Mroczko's pain and suffering. *Id.* ¶ 23. The court concluded that Mroczko's interest in her employer's lawsuit rendered *res judicata* inapplicable. *Id.* We disagree.

¶ 22    Whether Mroczko had an interest in A&R's action based on A&R's pursuit of certain damages has nothing to do with whether *res judicata* bars her petition for intervention. The reason *res judicata* applies is that Mroczko previously asserted the same claim against the same defendant, which resulted in a final judgment on the merits. The fact that A&R's amended complaint sought damages for her pain and suffering is irrelevant to this analysis.

¶ 23    The appellate court also held that *res judicata* was inapplicable because there was no identity of parties between the two actions. This, too, is incorrect. The appellate court apparently misunderstood which party's claim was the one being barred. The court held that *res judicata* could not bar the action filed by A&R because A&R was not a party to Mroczko's untimely personal injury action. *Id.* However, A&R's claim is not the one barred by *res judicata*. Mroczko's petition to intervene in A&R's lawsuit is barred because her previous attempt to raise the same claim against Pepper was involuntarily dismissed as untimely.

¶ 24    Mroczko does not dispute that all three elements of *res judicata* are established in this case. Instead, she argues that it would be inequitable to apply *res judicata* to her petition because A&R has no interest in protecting her right to recovery for noneconomic damages. We reject this contention. This case does not present any inequities for this court to address. After Mroczko filed her personal injury complaint, Pepper was compelled to expend time and resources and incur legal expenses in order to defend that action. The circuit court dismissed the action based on the expiration of the applicable statute of limitations. The dismissal was fully consistent with the purposes of a statute of limitations, which are " 'to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims.' " *Country Preferred Insurance Co. v. Whitehead*, 2012 IL 113365, ¶ 32 (quoting *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 132 (1975)).

¶ 25    Mroczko did not appeal the order dismissing her action as untimely. Instead, she sought to intervene in A&R's action in order to obtain additional damages for her injuries. Because Mroczko's petition for intervention was her second attempt to sue Pepper for the same claim following an adjudication on the merits, the circuit court denied her petition on *res judicata* grounds. Thus, Mroczko's inability to intervene in the subrogation action did not result from the inequitable application of *res judicata* against her. If Mroczko has suffered damages as a

result of being barred from suing Pepper directly for her injuries, her remedy may lie in a legal malpractice action against the attorney who filed an untimely personal injury action on her behalf.[2]

¶ 26    The circuit court correctly held that *res judicata* barred Mroczko from intervening in A&R's subrogation action. We, therefore, hold that the court did not abuse its discretion in denying the petition to intervene. We make no findings on whether Mroczko otherwise had a right to intervene in her employer's subrogation action if *res judicata* were inapplicable or whether her petition for intervention was timely.

¶ 27    Finally, we note that A&R argues it should be allowed to control the litigation in the event that Mroczko is permitted to intervene in the subrogation action. Given our resolution of this appeal, it is not necessary to address this argument. In addition, we note that the appellate court purported to reverse an order of the circuit court entered after the notice of appeal was filed. 2017 IL App (1st) 170385, ¶¶ 11, 36 (reversing the circuit court's September 22, 2017, order dismissing with prejudice A&R's subrogation action, as all claims had been compromised and settled by the parties). Obviously, the appellate court had no authority to review an order entered after the date of the notice of appeal. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (a notice of appeal confers jurisdiction on a reviewing court to consider only the judgments or parts of judgments specified in the notice of appeal). Since we are reversing the appellate court's judgment in its entirety, however, we need not address those parts of the opinion based on matters not properly before the court.

¶ 28                                                          CONCLUSION

¶ 29    For the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court denying Mroczko's petition to intervene in the subrogation action filed by A&R.

¶ 30    Appellate court judgment reversed.

¶ 31    Circuit court judgment affirmed.

---

[2]This court takes judicial notice that a legal malpractice suit filed by Mroczko against her former attorney is currently pending in the circuit court of Cook County (Mroczko v. Belcher, No. 2017 L 000697 (Cir. Ct. Cook County)).