**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000187
27-MAY-2026
07:54 AM
Dkt. 56 SO**

NO. CAAP-24-0000187

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

135 KAKA LLC, a Hawaii limited liability
company, Plaintiff-Appellant, v.
DI WU, Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE COMPANIES 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10,
DOE GOVERNMENTAL UNITS 1-10, Defendants.
APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-22-0001066)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Plaintiff-Appellant 135 Kaka LLC (**135 Kaka**) appeals from the *Final Judgment* (**Judgment**) entered in favor of Defendant-Appellee Di Wu (**Wu**) on March 1, 2024, by the Circuit Court of the First Circuit (**Circuit Court**).[1]  135 Kaka also challenges the Circuit Court's:  (1) August 22, 2023 *Order: (1) Granting . . . Wu's Motion to Dismiss Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted [Dkt. 100]; and (2) Denying [135 Kaka's] Motion for Extension of Time to File Naming of Witnesses [Dkt. 119]* (**Dismissal Order**); (2) January 4, 2024 *Order Granting . . . Wu's Motion For an Award of Attorneys' Fees and Costs, Filed September 18, 2023 [Dkt. 150]* (**Fee and Cost Order**); and (3) March 7, 2024 *Order Denying . . . 135 Kaka['s] Motion to Clarify, Reconsider, or Amend the Pleadings on the Pre-*

---

[1]    The Honorable John M. Tonaki presided.

*Incorporation Agreement Doctrine as the Basis for Privity of Contract Claim [Dkt. 178]* (**Order Denying Reconsideration**).  The Dismissal Order dismissed 135 Kaka's May 31, 2023 Second Amended Complaint (**SAC**) against Wu with prejudice.

On appeal, 135 Kaka contends that:  (1) "[t]he [Circuit] Court's dismissal of the SAC for failing to state a claim for breach of contract was improperly based on the absence of a third party beneficiary claim, privity, or standing"; (2) [t]he [Circuit] Court erred in alternatively failing to reconsider its [Dismissal O]rder . . . or denying [135 Kaka] leave to file an amended complaint under [Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule 15"; and (3) "[t]he [Circuit] Court erred in dismissing, or denying leave to amend, the SAC, so the award of fees should be reversed and vacated."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve 135 Kaka's contentions as follows, and vacate.

## I.  Background

135 Kaka is a member-managed limited liability company (**LLC**) that appears to have been formed to own and operate certain investment property in Kailua (the **Property**).  The SAC alleged that: (a) Qing Xu and Ying Xu (**Ying**) are brother and sister, citizens of the People's Republic of China, and the current sole members of 135 Kaka; and (b) Yilin Feng (**Yilin**) is Ying's daughter and an original member of 135 Kaka.  Ying purchased the Property on June 5, 2018, and transferred it to 135 Kaka on January 10, 2020.

The SAC asserted a single, breach-of-contract claim against Wu, in relevant part, as follows:

> 12.   Between May 2018 and July 2018, . . . Wu approached Qing Xu, Ying Xu and Yilin Feng (collectively the "Xu Family") via online communications via WeChat and in-person communications about purchasing the Property for investment purposes.
>
> 13.   The communications between . . . Wu and the Xu Family also included an offer by . . . Wu to provide property management and contracting services to [135 Kaka] and the Xu Family with respect to the Property.

14.    [135 Kaka], through the Xu Family, and . . . Wu orally agreed that . . . Wu would provide property management services, including but not limited to (i) repairing and maintaining the Property, (ii) renting the Property and collecting rental income, (iii) and depositing to [135 Kaka's] designee any and all net rental proceeds generated from the Property. . . . Wu's compensation for his services was 8% of rental income collected, which would be deducted from the total rental income collected before the net rental income was deposited into the designated bank account.  In 2019, . . . Wu's commission was increased to 20%. . . . Wu was not authorized to execute long term rental agreements exceeding a one year term (the "Oral Agreement").

. . . .

17.    From and after June 1, 2021, . . . Wu failed to comply with his duties and obligations under the Oral Agreement to collect and remit to [135 Kaka] any and all net rental proceeds that were collected from the rental of the Property by his failure to deposit any net rental income into the Xu Family's designated bank account.

. . . .

21.    . . . 135 Kaka has had numerous communications with . . . Wu by way of WeChat a popular messaging application in China in which it demanded information regarding payment of net rental proceeds and expenses and . . . Wu has failed and refused and continues to fail and refuse to provide the information or payment demanded and sought by [135 Kaka].  Although . . . Wu has made sporadic partial payments since May 11, 2020, he has failed and refused to provide monthly reports or to deposit net rental income to [135 Kaka] after June 2021, which constitutes a breach of the Oral Agreement by . . . Wu.

22.    By way of written notice dated July 29, 2022 to cease and desist and to terminate the Oral Agreement that was hand-delivered and emailed to . . . Wu, [135 Kaka's] sole members Qing Xu and Ying Xu terminated the Oral Agreement effective July 29, 2022.

23.    After the termination of the Oral Agreement, [135 Kaka] learned that . . . Wu further breached the Oral Agreement by negotiating and executing a 5-year extension of the rental agreement for the Property at a below-market rent and aforesaid extension was done without the knowledge and approval of [135 Kaka].

24.    . . . Wu's actions constitute a breach of the Oral Agreement, including a breach of the implied covenant of good faith and fair dealing.

(Capitalization altered.)

On June 9, 2023, Wu filed a motion to dismiss the SAC for failure to state a claim under HRCP Rule 12(b)(6).  Wu argued that "no oral contract exists or could have existed between [135 Kaka] and [Wu] where the alleged oral contract was made (if at all) between Ying, the purchaser of the Property, and [Wu].  And importantly, Ying did not become one of [135 Kaka's] members

3

until September of 2019, long after the Property's purchase, and she didn't transfer her interest in the Property to [135 Kaka] until January of 2020."  To support the factual assertion regarding Ying's LLC membership status, Wu submitted copies of 135 Kaka's articles of organization and other business information filed with the Department of Commerce and Consumer Affairs.  Wu further asserted:  "Insofar as [135 Kaka] would not have had authority to contract on behalf of the Property (until January of 2020), no privity of contract existed between [135 Kaka] and [Wu] when the 'Oral Agreement' was allegedly made between May and July of 2018[,]" and "[t]he simple reality here is that Ying had no affiliation with [135 Kaka] at the time she purchased the Property and purportedly entered into the 'Oral Agreement' with [Wu]."  (Footnote omitted.)

On July 6, 2023, 135 Kaka filed an opposition to the motion to dismiss, arguing that the SAC pled an enforceable agreement between 135 Kaka and Wu.  135 Kaka requested leave to amend in the event the court granted the motion.  135 Kaka also submitted a declaration by Yilin, which stated, among other things:  (1) "On May 22, 2018, my uncle Qing Xu and I prepared and filed Articles of Organization for 135 Kaka . . . with the State of Hawaii Department of Commerce and Consumer Affairs Business Registration Division"; (2) "Qing Xu and I were the initial members of 135 Kaka . . . and Wu . . . was named as the registered agent in the State of Hawaii for the company"; and (3) "I was present when the Xu Family met with . . . Wu in Kailua to accept his offer to manager [sic] their Hawaii investment properties and to discuss the terms of the Oral Agreement, in which . . . Wu agreed to (i) repair and maintain the Property, (ii) rent the Property and collect rental income, (iii) deposit to [135 Kaka's] designee any and all net rental proceeds generated from the Property."  Attached exhibits included 135 Kaka's May 22, 2018 articles of organization and a May 2020 rental agreement for the Property signed by Yilin.

The motion was heard on July 25, 2023.  Following oral argument, the court ruled as follows:

> When the purported oral contract was formed in this

> case in 2018, . . . 135 Kaka[] was not an owner of the
> property. Ying Xu had no affiliation with [135 Kaka] at the
> time she purchased the property and purportedly entered into
> the oral agreement with [Wu].
>
> The Second Amended Complaint also does not contain any
> allegation that there was some subsequent agreement, oral or
> otherwise, that took place before or after . . . 135 Kaka[]
> acquired its interest in the property in January of 2020.
>
> If there was a contract, it was between [Wu] and Ying
> Xu. Ying Xu is not a party to this lawsuit.
>
> Therefore, [Wu's] motion is granted, and the Second
> Amended Complaint is dismissed for failure to state a claim
> upon which relief can be granted, pursuant to Hawaii Rules
> of Civil Procedure Rule 12(b)(6). And the motion will be
> granted, and the complaint is dismissed with prejudice,
> given the closeness of the trial date.

The Circuit Court subsequently entered the Dismissal Order, the Fee and Cost Order, the Order Denying Reconsideration, and the Judgment.

## II. Discussion

135 Kaka contends that the SAC alleged the elements of a breach of contract claim and, specifically, that "[135 Kaka], through the Xu Family, and . . . Wu orally agreed that . . . Wu would provide property management services" for the Property. 135 Kaka further contends that the Circuit Court "considered inadmissible facts and third party beneficiary arguments" presented by Wu in his motion to dismiss. (Capitalization altered; emphasis omitted.)

We must first decide what standard applied to the Circuit Court's decision-making on Wu's motion to dismiss. The motion requested dismissal for failure to state a claim under HRCP Rule 12(b)(6). However, if matters outside the pleadings were presented and not excluded by the Circuit Court, the court was required to treat the motion as one for summary judgment and dispose of it as provided by HRCP Rule 56. See HRCP Rule 12(b).

Wu's motion to dismiss relied in part on matters outside the pleadings, including copies of 135 Kaka's articles of organization and other business information. 135 Kaka's opposition likewise relied in part on matters outside the pleadings, including Yilin's declaration, 135 Kaka's articles of organization, and a rental agreement for the Property. Further,

5

in concluding that "Ying . . . had no affiliation with [135 Kaka] at the time she purchased the [P]roperty and purportedly entered into the oral agreement with [Wu]," the Circuit Court appears to have considered matters outside the pleadings.

Because the Circuit Court did not exclude the matters outside the pleadings that were presented to the court, we review the court's grant of the Rule 12(b)(6) motion as a ruling on summary judgment. See Andrade v. Cnty. of Hawaiʻi, 145 Hawaiʻi 265, 268-70, 451 P.3d 1, 4-6 (App. 2019). We review the grant or denial of summary judgment *de novo*. See, e.g., First Ins. Co. of Hawaii v. A & B Props., Inc., 126 Hawaiʻi 406, 413, 271 P.3d 1165, 1172 (2012) (quoting Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008)). As often stated:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 413-14, 271 P.3d at 1172-73 (brackets omitted) (quoting Nuuanu Valley, 119 Hawaiʻi at 96, 194 P.3d at 537).

Here, the SAC defined the "Xu Family" to include Ying. The SAC specifically alleged that between May 2018 and July 2018, Wu offered "to provide property management and contracting services to [135 Kaka] and the Xu Family with respect to the Property" and that "[135 Kaka], through the Xu Family, and . . . Wu orally agreed that . . . Wu would provide property management services" with respect to the Property. The SAC thus alleged the existence of an agreement between Wu and 135 Kaka for Wu to manage the Property. 135 Kaka also presented evidence that it was formed on May 22, 2018, *i.e.*, before Ying purchased the Property on June 5, 2018, and during the time period when the alleged oral agreement was made.

Wu argues, and it appears the Circuit Court concluded,

that there could not have been an agreement between 135 Kaka and Wu because Ying, not 135 Kaka, purchased the Property; Ying had "no affiliation" with 135 Kaka when she allegedly entered into the oral agreement with Wu; and 135 Kaka had no "authority to contract on behalf of the Property" until January 2020, when Ying transferred the Property to 135 Kaka.

Wu did not establish, however, that Ying had "no affiliation" with 135 Kaka or that 135 Kaka had no "authority to contract on behalf of the Property" when the alleged oral agreement was made or when Ying purchased the Property. Wu established only that Ying was not a member of 135 Kaka, and 135 Kaka did not hold title to the Property, at that time. The "no affiliation" and "no authority" assertions are, at most, possible inferences that are drawn by Wu and disputed by 135 Kaka. In particular, the SAC's allegations, together with Yilin's declaration, can be fairly read as asserting that at Wu's suggestion, the Xu Family formed 135 Kaka in May 2018 to operate (if not hold) the Property upon its purchase, and that Wu agreed to provide management services to 135 Kaka for that purpose.[2] Wu's assertion that 135 Kaka had "no authority to contract on behalf of the Property" simply ignores the possible inference that Ying, as the owner of the Property and a party to the discussions with Wu, gave 135 Kaka such authority.

In these circumstances, we must view the facts presented in the SAC and the evidence submitted by the parties — and the inferences to be drawn from that evidence – in the light most favorable to 135 Kaka. See Andrade, 145 Hawai'i at 270, 451 P.3d at 6 (citing Ralston v. Yim, 129 Hawai'i 46, 56, 292 P.3d 1276, 1286 (2013)). Viewed in this light, the SAC and the evidence raised genuine issues of material fact as to whether 135 Kaka had authority to enter into the alleged oral agreement with Wu with respect to the Property, and whether 135 Kaka and Wu made such an agreement during the alleged time period. The Circuit Court erred in granting the motion to dismiss, where

---

[2] The fact that Wu was identified in 135 Kaka's May 22, 2018 articles of organization as its "registered agent" in Hawai'i lends further support for this theory.

genuine issues of material fact precluded judgment as a matter of law.

In light of our disposition, we vacate the Fee and Cost Order, as Wu is no longer the prevailing party. We need not address 135 Kaka's remaining contentions.

### III. Conclusion

For the reasons discussed above, we vacate the August 22, 2023 Dismissal Order, the January 4, 2024 Fee and Cost Order, and the March 1, 2024 Judgment and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, May 27, 2026.

On the briefs:

John P. Manaut,
Steven M. Egesdal, and
Kai Wang
(Carlsmith Ball LLP)
for Plaintiff-Appellant.

Stephanie E.W. Thompson
(Starn O'Toole Marcus &
Fisher)
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge